**Paul Vaughn JOHNSON, Appellant,**

v.

**Laura AKERS, Respondent.**

**No. SC 81709.**

Supreme Court of Missouri,
En Banc.

Jan. 11, 2000.

As Modified Feb. 8, 2000.

Michael A. Campbell, Llynn K. White, St. Louis, for Appellant.

James P. Leonard, St. Louis, for Respondent.

## PER CURIAM.[1]

Appellant Paul Vaughn Johnson appeals from an order in favor of Respondent Laura Akers' petition to set aside letters of administration.[2] He argues that the court erred in setting aside the letters appointing him personal representative of his deceased half brother, William Akers. The order is affirmed.

William Akers (decedent) was an adult male, age forty-six years, employed as an ironworker at the time of his death on May 20, 1994. At the time of his death, the decedent was survived by his wife, Laura Akers, and William James Steffen, his son with Maureen Steffen, who was born on March 20, 1990.

In February 1995, Winifred Steffen, legal guardian and custodian of the minor William Steffen, filed a claim with the division of workers' compensation seeking death benefits on his behalf.

On March 18, 1997, in connection with William Steffen's claim for death benefits as a dependent and the natural child of the decedent, Johnson filed his petition for letters of administration seeking appointment as personal representative of the decedent's estate in order to represent the decedent in paternity proceedings. Decedent's estate had not previously been opened. Letters of administration were granted on April 29, 1997, appointing Johnson the personal representative of the estate of William N. Akers. Johnson, as the personal representative of the decedent's estate, subsequently filed a petition for the determination of the father-child relationship to establish the paternity of William Steffen.

On June 24, 1997, Akers filed her petition to set aside letters of administration. A hearing on the petition was held. On February 11, 1998, the court entered an order setting aside the grant of letters of administration after finding the application for letters to be out of time because the application was not filed within one year of the decedent's death. *Section 473.070.* Johnson argues that this case does not involve administration of assets as contemplated by the statutes so the one-year statute of limitation does not apply.

A personal representative of an estate is appointed by the probate division of the circuit court in the applicable jurisdiction upon the filing of letters of administration with the court. See *section 473.110.* The probate code requires the opening of an estate to occur within one year of death, and the statute of limitations of the probate code applies to the appointment of a personal representative. *Section 473.070; Kemp v. Balboa,* 959 S.W.2d 116, 118 (Mo.App.1997). Neither

---

1. The appeal in this case was originally decided by the Court of Appeals, Eastern District, in an opinion written by the Honorable Richard B. Teitelman. Portions of that opinion are incorporated herein without further attribution.

2. An appeal of this order is permitted by section 472.160. All statutory references are to RSMo 1994 unless otherwise indicated.

the applicable statutes nor prior case law provides an exception to the statute of limitations in which a personal representative may be appointed for cases in which assets will not be administered.[3]

Section 473.070, in effect when the decedent died, and section 473.050, RSMo Supp.1996, in effect when Johnson filed his application for letters of administration, provide only one express exception to the general rule that a probate division shall not issue administration for the estate of an intestate unless application is made within one year of the decedent's death. That exception, which involves "loss [sic] chance of recovery or survival" is found in section 537.021, RSMo Supp.1996, and does not apply to the case at bar.[4]

While section 210.828 of Missouri's Uniform Parentage Act (UPA) permits an action to be brought to determine the existence of the father and child relationship as late as within three years of a child's eighteenth birthday, it also provides that such an action does not "extend the time within which a right of inheritance or a right to a succession may be asserted beyond the time provided by law relating to distribution and closing of decedents' estates or to the determination of heirship, or otherwise." Therefore, the UPA does not provide a means by which the time limits of the probate code may be extended in cases where a putative father has died.

Appellant did not file letters of administration seeking to be appointed as the personal representative of decedent's estate within one year of decedent's death; therefore, the court was correct in setting aside the letters of administration.

3. If it is believed that the one year statute of limitations is too brief, the way to increase the limitations period, as was indicated by the legislature's enactment of section 537.021, is through amendment by the legislature, not by judicial fiat.

4. The "loss [sic] chance of recovery or survival" exception is applicable in medical malpractice cases. *Section 537.021*, RSMo Supp.

The order of February 11, 1998, setting aside the grant of letters appointing the personal representative, terminating proceedings and closing court files is affirmed.[5]

All concur.

1996; *Wollen v. DePaul Health Center*, 828 S.W.2d 681 (Mo. banc 1992); *Kemp v. Balboa*, 959 S.W.2d 116, 119 (Mo.App.1997).

5. This case is not a UPA action; thus, the Court need not decide if a personal representative is a proper party to a UPA action that does not involve inheritance or succession to a deceased putative parent's property.