Laura AKERS, Intervenor/Appellant,

v.

Paul Vaughn JOHNSON, Plaintiff/Respondent, Maureen Elaine Steffen, and William James Steffen, by his Legal Guardian, Winifred Steffen, Defendants.

No. ED 73584.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 25, 2000.

James P. Leonard, St. Louis, for Akers.

Michael A. Campbell, St. Louis, for Johnson.

Joseph E. Cordell, Creve Coeur, for Steffen.

MARY RHODES RUSSELL, Judge.

Wife appeals from a judgment in a paternity action establishing a father-child relationship between her deceased husband and his alleged child. She also appeals the denial of her motion to intervene. We reverse the judgment of the trial court declaring decedent to be the child's father as the court never attained personal jurisdiction over decedent in that the putative personal representative lacked capacity to act as personal representative.

William Akers ("decedent"), an iron worker, sustained fatal injuries after falling off a building in St. Louis. His surviv-

ing spouse, Laura Akers ("wife"), filed a claim with the Division of Workers' Compensation seeking death benefits. Thereafter, a claim was filed on behalf of William James Steffen ("minor child"), alleged to be the son of decedent, also seeking death benefits.

More than two years after decedent's death, his half-brother, Paul Vaughn Johnson, filed a Petition for Letters of Administration, seeking appointment as the personal representative of decedent's estate. No estate had previously been opened. The probate court issued Letters of Administration naming Johnson the personal representative.

Johnson, as decedent's personal representative, filed a paternity suit in the family court division to establish the minor child's paternity.

Wife filed a motion in the family court to intervene in the paternity proceeding, which was denied. The family court ultimately entered a paternity judgment declaring decedent to be minor child's father.

Wife filed a motion with the probate court to set aside the Letters of Administration on the grounds the petition for letters was not timely filed. The probate court entered its judgment finding the Letters of Administration "null and void at all times and for all purposes." The court found the application for letters to be out of time under section 473.070 RSMo 1994 because it was not filed within one year of decedent's death. Johnson appealed, and on January 11, 2000, the Missouri Supreme Court affirmed the order of the probate court setting aside the grant of letters appointing Johnson the personal representative, terminating the proceeding, and closing the court files. *Johnson v. Akers*, 9 S.W.3d 608 (Mo. banc 2000).

■ Wife now appeals the paternity judgment from the family court and the denial of her motion to intervene. She asserts the trial court erred in entering its judgment of paternity in that it lacked jurisdiction over the parties because Johnson lacked authority to act as decedent's personal representative.[1] The Supreme Court has held that Johnson did not file his petition for Letters of Administration within the statutory time period and, therefore, his appointment was void from its inception. *Johnson*, 9 S.W.3d 608. Wife argues because Johnson filed the paternity petition without authority to act as decedent's personal representative, the family court lacked jurisdiction over decedent and, therefore, the judgment of paternity is void.

The Supreme Court, in *Johnson*, affirmed the probate court's determination that Johnson's appointment was, in fact, null and void at all times. Johnson, therefore, never had authority to act as decedent's personal representative.

■ If a judgment is void, the appellate court acquires jurisdiction only to determine the invalidity of judgment and to dismiss the appeal. *Burch Food Services, Inc. v. Missouri Div. of Emp. Sec.*, 945 S.W.2d 478, 481 (Mo.App.1997).

■ The Uniform Parentage Act constitutes the exclusive procedure for determining parentage in Missouri. *Richie By and Through Laususe v. Laususe*, 950 S.W.2d 511, 514 (Mo.App.1997). Where the putative father has died, the only proper party to represent the decedent in a paternity action is the personal representative of his estate. *Laususe*, 950 S.W.2d at 514–15. Because Johnson lacked authority to act as decedent's personal representative, the family court never attained personal jurisdiction over decedent. *Id.* at

1. Wife's first two points on appeal challenge the trial court's denial of her motion to intervene. Because of our determination under Point Three, we need not consider those points. Similarly, because of our disposition of this case, we do not reach a decision as to Johnson's argument that the wife lacks standing to appeal the paternity judgment.

514. The court's judgment of paternity, therefore, is void and not appealable.

The judgment of paternity is reversed as void, the court is instructed to dismiss the case for lack of personal jurisdiction.

MARY K. HOFF, P.J., and GARY M. GAERTNER, J.,