STATE of Missouri ex rel. Michael D. SANDERS, Relator,

v.

The Honorable C. William KRAMER, Respondent.

No. WD 64732.

Missouri Court of Appeals,
Western District.

April 26, 2005.

James F. Kanatzar, Kansas City, MO, for relator.

Andrea Welch, Independence, MO, for respondent.

Before THOMAS H. NEWTON, P.J., PATRICIA A. BRECKENRIDGE and RONALD R. HOLLIGER, JJ.

THOMAS H. NEWTON, Presiding Judge.

The State of Missouri ex rel. Michael D. Sanders (Relator) filed a Petition for Writ of Mandamus challenging the Honorable C. William Kramer's (Respondent) order of probation for Mr. Jeffrey Arzola. The Relator claims that the Respondent had no jurisdiction to order probation in this case. We granted a Preliminary Writ of Mandamus and ordered the parties to brief the issue raised by the state in its Writ Petition, i.e., that the plea court lacked jurisdiction to place Mr. Arzola on probation because its judgment and sentence were final.

At the age of fourteen, Mr. Arzola fired a rifle into a group of people and killed an eighteen-year-old man. Certified as an adult, Mr. Arzola was charged with Murder in the First Degree, § 565.020,[1] and Armed Criminal Action, § 571.015. Under the terms of a plea agreement reached with the Relator, Mr. Arzola pled guilty to murder in the second degree, § 565.021, and armed criminal action. The Relator had agreed to reduce the charges in exchange for a sentence of no less than twenty years to life imprisonment on the murder charge, and three years on the armed criminal action charge.

The plea court sentenced Mr. Arzola to twenty-five years on the second degree murder charge and three years on the armed criminal action charge, with the sentences to run concurrently. Following in-chambers discussions with the Relator, the Division of Youth Services (DYS) and defense counsel that occurred after the plea hearing, the plea court invoked section 211.073 during the sentencing hearing and suspended execution of the adult sentence.[2] Mr. Arzola was committed to DYS custody subject to several conditions, one of which required Mr. Arzola to be held in secure confinement until his seventeenth birthday "at which time his custody is to be transferred to the custody of the Missouri Division of Adult Institutions, unless earlier ordered transferred by Order of this Court."

DYS requested a hearing before Mr. Arzola's seventeenth birthday as required under section 211.073.4, and the plea court thereafter ordered that he be continued in DYS custody "until his twenty-first (21st) birthday unless his transfer to the Department of Corrections is earlier ordered in conformity with the provisions of Section 211.073 R.S.Mo." The Relator did not object to the hearing or to the plea court's

---

1. Unless otherwise indicated, all statutory references are to RSMo. (2000) and the Cumulative Supplement (2004).

2. At the time, the statute was relatively new, and the plea court indicated on the record that it was unsure at what point Mr. Arzola would be required to calculate the 90–day limitation on filing a challenge to the legality of his sentence under Rule 24.035 of the Missouri Rules of Criminal Procedure. Section 211.073 authorizes a court to transfer custody of a juvenile offender under the age of seventeen who has been certified and convicted as an adult to the division of youth services for treatment, while execution of the offender's adult criminal sentence is suspended. § 211.073.1.

order. Before Mr. Arzola turned twenty-one, DYS filed a petition for Mr. Arzola's release from its jurisdiction, and the Relator filed a motion seeking revocation of Mr. Arzola's suspended execution of sentence.

Witnesses testified during the hearing on DYS' petition that Mr. Arzola had turned his life around while in DYS custody, fulfilling all program requirements, understanding the impact of his crime, showing remorse, serving as a role model and effective peer counselor, earning his GED, and pursuing vocational instruction. Members of the victim's family also testified during the hearing. Finding that Mr. Arzola "has shown significant progress in rehabilitating himself" and that "society generally would not benefit by the transfer of [Mr. Arzola's] custody to the Department of Corrections to serve the remainder of his sentence at this time," the plea court continued its order suspending execution of Mr. Arzola's adult sentence and placed him on probation for five years, subject to several conditions. The plea court concluded "under the circumstances before it, if the provisions of Section 211.073 are to have the meaning intended by the legislature in its enactment, the time of confinement of the defendant should serve to adequately meet the punishment requirement when measured against the success he has shown in rehabilitating his life."

■ Mandamus is an extraordinary remedy and cannot compel a discretionary act. *State ex rel. Burns v. Gillis*, 102 S.W.3d 66, 68 (Mo.App. W.D.2003). We issue the writ to prevent the exercise of powers exceeding judicial jurisdiction or to correct an abuse of judicial discretion. *State v. Saffaf*, 81 S.W.3d 526, 528 (Mo. banc 2002). The writ is used both to compel a court to do what is required by

law and to undo what is prohibited by law. *State ex rel. Leigh v. Dierker*, 974 S.W.2d 505, 506 (Mo. banc 1998).

■ Section 211.073 gives a court the authority to "invoke dual jurisdiction of both the criminal and juvenile codes," § 211.073.1,[3] in cases involving an offender under seventeen who is transferred to a circuit court of general jurisdiction and whose prosecution results in a conviction. Under section 211.073, the circuit court may impose a juvenile disposition and "simultaneously impose an adult criminal sentence, the execution of which shall be suspended pursuant to the provisions of this section." *Id.* The plea court in our case did just that with a fourteen-year-old offender who had entered a guilty plea and faced the possibility of incarceration in an adult corrections facility.

■ The Relator claims that once the plea court entered judgment and sentenced Mr. Arzola, it exhausted its jurisdiction and could take no further action. Case law, however, provides that a court can take further action after judgment and sentencing "when otherwise expressly authorized by statute or rule." *State ex rel. Williams v. Wilson*, 63 S.W.3d 650, 652 (Mo. banc 2002); *State ex rel. Simmons v. White*, 866 S.W.2d 443, 445 (Mo. banc 1993). An analysis of section 211.073 shows that further court action is specifically contemplated by its provisions. Subsection 2 requires the court to take action "[i]f there is probable cause to believe that the offender has violated a condition of the suspended sentence or committed a new offense." § 211.073.2. Subsection 3 requires the court to hold a hearing, if requested, "[w]hen an offender has received a suspended sentence pursuant to this section and the division determines the child

---

**3.** We have been unable to locate any cases interpreting this section of the juvenile code or explaining how "dual jurisdiction" works in a plea or sentencing context.

is beyond the scope of its treatment programs." § 211.073.3. Subsection 4 requires the court to conduct a hearing "[w]hen an offender who has received a suspended sentence reaches the age of seventeen."[4] And subsection 5 directs DYS to petition the court for a hearing before releasing an offender "at any time before the offender reaches the age of twenty-one years."[5] The actions that a court is authorized to take under 211.073 include (i) revoking the suspension of sentence and directing that the offender be taken immediately into department of corrections' custody, and (ii) directing that the offender be placed on probation. Accordingly, we find that section 211.073 expressly authorizes court action after judgment and sentencing and, thus, that the plea court did not lack jurisdiction to take further action regarding Mr. Arzola's sentence. We find further support for our conclusion in *State v. Bachman*, 675 S.W.2d 41, 46 (Mo.App. W.D.1984), where this court determined that trial courts have continuing jurisdiction in cases involving a suspension of execution of sentence. We therefore quash the preliminary writ of mandamus.

PATRICIA A. BRECKENRIDGE and RONALD R. HOLLIGER, JJ., concur.

---

4. Specifically, section 211.073.4 provides:

When an offender who has received a suspended sentence reaches the age of seventeen, the court shall hold a hearing. The court shall: (1) Revoke the suspension and direct that the offender be taken into immediate custody of the department of corrections; (2) Direct that the offender be placed on probation; or (3) Direct that the offender remain in the custody of the division of youth services if the division agrees to such placement.

5. Specifically, section 211.073.5 provides:

The division of youth services shall petition the court for a hearing before it releases an offender who comes within subsection 1 of this section at any time before the offender reaches the age of twenty-one years. The court shall: (1) Revoke the suspension and direct that the offender be taken into immediate custody of the department of corrections; or (2) Direct that the offender be placed on probation.