STATE of Missouri ex rel., MISSOURI DEPARTMENT OF SOCIAL SERVICES, DIVISION OF MEDICAL SERVICES, Relator,

v.

Honorable Ellen S. ROPER, Circuit Judge, 13th Judicial Circuit, Boone County, Respondent.

No. WD 64902.

Missouri Court of Appeals, Western District.

Aug. 9, 2005.

Paul Harper, Asst. Attorney General, Jefferson City, MO, for Relator.

Violet Knight, Hartsburg, MO, pro se.

Before ROBERT G. ULRICH, P.J., HAROLD LOWENSTEIN and PATRICIA BRECKENRIDGE, JJ.

ROBERT G. ULRICH, P.J.

The Missouri Department of Social Services, Division of Medical Services, filed its petition for this court's writ of mandamus directing the Honorable Ellen Roper, Circuit Judge, 13th Judicial Circuit, Boone County, to cause to be opened an estate for Wallace G. Jones, decedent. The Division asserts that it is a creditor of the estate as a result of aid provided to the decedent prior to his death. The court's preliminary rule in mandamus was issued

on February 7, 2005. Following briefing and argument by the parties,[1] the preliminary rule in mandamus is made absolute.

## Facts

Wallace G. Jones died on November 9, 2003, while domiciled in Boone County. An estate was not opened. Relator, Missouri Department of Social Services, Division of Medical Services, filed its Application of Interested Party for an Order to Require Supervised Administration in the Circuit Court of Boone County, Probate Division, on October 19, 2004, for an estate to be opened and for supervised administration of the estate of Wallace G. Jones, deceased. Relator claims that decedent's estate owes the State of Missouri the sum of seventeen thousand fifty six dollars and seventy-five cents for Public Assistance benefits paid by the Department of Social Services or its divisions as Medical Assistance in behalf of decedent, in accordance with section 473.398.[2] Relator's application included decedent's name, address of decedent's perceived last known residence, the date of decedent's death, the known information regarding decedent's will, and the names and addresses of known heirs. § 473.020. Respondent, the Honorable Ellen S. Roper, Circuit Judge, did not direct that an estate be opened. Respondent, instead, received evidence on the issue of whether the decedent, at the time of his death, owned real or personal property subject to administration, and on finding that he did not, denied Relator's application. Relator filed its petition for this court's writ of mandamus directing Respondent to cause an estate to be opened for decedent. On February 7, 2005, this court's Preliminary Rule in Mandamus was entered directing Respondent to set aside her Amended Order and Judgment in the underlying case effectively denying Relator's application; permit the filing or refiling of the application; conduct proceedings as prescribed by law; and render her judgment as provided by law, including section 473.020 et seq.

## Points on Appeal

Relator asserts two points of error. Relator claims that Respondent erred in denying Relator's application to open the Estate of Wallace Jones because Respondent was required to do so by section 473.020 where the application was timely filed, Relator was authorized by the statute to file the application prompting the opening of the estate, and all the requisite facts were alleged in the application. Relator's second point of error charges that Respondent erroneously denied Relator's application based on a finding that the decedent did not own any real or personal property subject to administration because such determination was outside the scope of section 473.020, which limits the circuit court's jurisdiction to determining the validity of the petition on its face and who should be directed to apply for letters testamentary or administration without determining the validity of the claims asserted in the petition.

## Mandamus

■ Mandamus is an extraordinary remedy and cannot compel a discretionary act. *State ex rel. Burns v. Gillis,* 102 S.W.3d 66, 68 (Mo.App. W.D.2003). The writ of mandamus is issued to prevent the exercise of powers exceeding judicial juris-

1. Following established procedure, a person benefiting from the circuit court's ruling represented Judge Roper's judgment. Violet Knight, an apparent heir of the decedent, participated to defend the court's decision.

2. All statutory references are to RSMo 2000 unless otherwise indicated.

566

diction or to correct an abuse of judicial discretion. *State v. Saffaf,* 81 S.W.3d 526, 528 (Mo. banc 2002). The writ is used both to compel a court to do what is required by law and to undo what is prohibited by law. *State ex rel. Leigh v. Dierker,* 974 S.W.2d 505, 506 (Mo. banc 1998).

## Jurisdiction

■ Respondent asserts a jurisdictional issue that is discussed before Relator's points are considered: Respondent asserts in her brief that Relator failed to file an appropriate application as contemplated by section 473.020 because decedent's last residence as stated on Relator's application was neither the address where decedent succumbed nor the address where decedent had last resided. The address asserted in Relator's application is a location within Boone County, and Respondent acknowledges that decedent died in Boone County and that his last residence was within the county. Section 473.020.2 requires that an interested party's application for letters include "the address of the decedent's last residence." § 473.020.2. Respondent's assertion that the statute requires an application include the exact address of decedent's domicile effectively asserts that the exact address of decedent's domicile at the time of death is jurisdictional. Thus, Respondent claims that the court lacks jurisdiction to open the estate requested, the Relator having failed to state decedent's accurate domicile address at the time of his death.

Section 473.020 states:

1. If no application for letters testamentary or of administration is filed by a person entitled to such letters pursuant to section 473.110 within twenty days after the death of a decedent, then any interested person may petition the probate division of the circuit court which would be the proper venue for the administration of the estate of such decedent for the issuance of letters testamentary or of administration. For purposes of this section, in addition to persons provided for in subdivision (15) of section 472.010, RSMo, any person who has attached a claim supported by an affidavit setting forth the basis upon which such person has a claim against the decedent shall be an interested person.

2. The petition must be filed within one year after the date of death of the decedent and shall include the following:

(1) The decedent's name, the address of the decedent's last residence and the date of death of the decedent;

(2) If a written will of the decedent has been presented for probate, the names and addresses of the personal representatives designated in such will; and

(3) The names, addresses and relationships to the decedent of the decedent's heirs as is known to, or can be reasonably ascertained by, the petitioner.

3. Within fifteen days from the date of filing, the petition shall be set for hearing to determine who should be directed to apply for letters testamentary or of administration, and not to determine the validity of any claim. Notice of the hearing shall be served upon all interested persons in the manner and within such time as directed by the court. Upon hearing of the petition, the court shall enter such order or orders as it deems appropriate, including any of the following:

(1) An order directing the person found by the court to be entitled to the issuance of letters testamentary or of administration to apply for and qualify for such letters within such time as is allowed by the court, and in default of

such timely application and qualification, upon application, the court shall issue letters of administration to some other person found suitable by the court;

(2) An order refusing letters on the estate; or

(3) An order dismissing the petition.

An estate was not opened within twenty days following decedent's death. § 473.020.1. Relator filed its petition to administer the estate of the decedent within one year after the date of decedent's death. § 473.020.2. The petition included decedent's name, his last purported residence address, and the date of decedent's death, section 473.020.2(1); names and addresses of the personal representatives designated in decedent's purported will, section 473.020.2(2); and the names, addresses and relationships of the decedent's heirs Relator claimed were known to it, section 473.020.2(3). Relator also attached an affidavit to its petition setting forth the basis upon which Relator claims against the decedent's estate. § 473.020.1. Sections 472.010(15) and 473.020.1 define "an interested person." Relator claims to be a creditor that filed its affidavit in the proper venue setting forth the basis of its claim against decedent as provided by section 473.020.1. Proper venue is the county in which the decedent was domiciled. § 473.010. Sections 473.010 and .020 must be construed together.

The domicile of a decedent at the time of death is a jurisdictional question when determining the venue of the probate of the decedent's estate. *State ex rel. Gott v. Fidelity & Deposit Co. of Baltimore, Md.,* 317 Mo. 1078, 298 S.W. 83, 88 (1927). The proper venue to administer the estate of a decedent is the county in which a decedent died domiciliary. § 473.010.1(1). The decision regarding a decedent's residence is an essential part of an order appointing an administrator. *Id.* Domicile has been equated with one's intended permanent residence. *Gellerstedt v. United Mo. Bank of Kansas City, N.A.,* 865 S.W.2d 707, 714 (Mo.App. W.D.1993). Although a decedent's residence at the time of death may not always be the decedent's domicile, neither party contests that they were the same for Mr. Jones.

Relator's application alleged that Mr. Jones' "last residence" was an address in Boone County, and although the address believed by Relator to have been Mr. Jones' last residence may have been erroneous, the address alleged is in Boone County, as acknowledged by Respondent. Section 473.010 is the venue statute that determines the place for administering a decedent's estate. It provides that letters testamentary or of administration shall be granted, "In the county in which the domicile of the deceased is situated." § 473.010.1(1). The mechanism for initiating the system to open a decedent's estate is articulated in section 473.020. Section 473.020.1 states that, "any interested person may petition the probate division of the circuit court which would be the proper venue for the administration of the estate of such decedent." Section 473.020.2 requires an applicant to state the address of the last residence of the decedent to permit a cursory determination that the applicant is being filed in the proper venue. Ultimate determination of proper venue is in accordance with section 473.010. If Respondent were correct that the court's jurisdiction depends on the exact correctness of decedent's listed last residence address within the application, even where decedent's actual last residence is located within the county, absurdity could be common. A misspelled street or the inversion of an address would be fatal to a filing adding additional cost to the procedure in the ultimate refiling and increased administration time to the courts. The

decedent's last residence and, in this case, domicile are undisputedly within Boone County, and the Probate Division of the Boone County Circuit Court is the proper venue.

### Points 1 and 2:

The Requirements of Section 473.020

When Opening a Decedent's Estate

■ In its two points, Relator claims that Respondent was compelled by 473.020 to open the Estate of Wallace Jones, decedent, when Relator timely filed its application, that Relator was authorized by the statute to file the application prompting the opening of the estate and all the requisite facts were alleged in the application, and that Respondent's determination that the decedent did not own any real or personal property subject to administration as a condition precedent to opening an estate was an issue outside the scope of section 473.020 and erroneous.

■ Section 473.020 makes no provision for determining whether the estate of a decedent has property before opening an estate in probate court and appointing an administrator where an interested party as defined by sections 472.010(15) and 473.020.1 files application and satisfies the filing requirements of section 473.020. Conversely, the statute's scheme provides for the opening of an estate and the appointment of an administrator where an interested party has properly filed an application. Determination of the estate assets is made as provided by law after the estate has been opened. Relator appearing to be an interested party authorized to apply for the opening of the Estate for Wallace G. Jones, decedent, Respondent's failure to open the estate before determining the assets of the estate was error. Therefore, Respondent's determination that decedent did not own any real or

personal property subject to administration as a condition precedent to opening the estate in the probate division of the circuit court was also error, and the finding is void.

### Conclusion

The Relator, appearing to be an interested party, filed its petition as provided by section 473.020. Without opening the estate and issuing letters of administration as required by the statute, Respondent endeavored to determine the assets of the estate before the estate was opened, in contravention of the scheme of the statute. The preliminary rule in mandamus is hereby made absolute. Respondent is directed to open the Estate of Wallace G. Jones, decedent, in accordance to law and as requested by Relator's application.

LOWENSTEIN and BRECKENRIDGE, JJ., concur.