**STATE of Missouri, ex rel. MISSOURI DEPARTMENT OF SOCIAL SERVICES, DIVISION OF MEDICAL SERVICES, Relator,**

v.

**The Honorable Gary P. KRAMER, Circuit Judge, 23rd Judicial Circuit, Jefferson County, Respondent.**

No. ED 88928.

Missouri Court of Appeals, Eastern District, Writ Division Three.

Feb. 27, 2007.

Elizabeth LaFlamme, Office of the Attorney General, St. Louis, MO, for relator.

Dennis H. Tesreau, Hillsboro, MO, for respondent.

**ROBERT G. DOWD, JR., Judge.**

Relator, the Missouri Department of Social Services, Division of Medical Services, filed its petition for writ of mandamus requesting that Respondent, the Honorable Gary P. Kramer, be directed to issue letters testamentary or supervised administration for the estate of Jeanette F. Parker. We issued a preliminary writ in mandamus. After briefing and argument, we now make the preliminary writ absolute.

Jeanette F. Parker died on June 20, 2005, while domiciled in Jefferson County. No estate was opened. On June 20, 2006, Relator filed a "Petition for Issuance of Letters Testamentary or of Administration" pursuant to Section 473.020, RSMo 2000.[1] Relator alleged it was a creditor of the estate as a result of aid provided to the decedent prior to her death. Relator claimed that the decedent's estate owed the State of Missouri $49,851.88 for Medicaid assistance paid by Relator. Relator's petition included the decedent's name and social security number, the date of her death, known information regarding the decedent's will, the address and value of real property in the decedent's estate, and the names and addresses of known heirs. Relator acknowledged in its petition that the real property in decedent's name at the time of her death was subject to a beneficiary deed.

Respondent denied Relator's petition on the basis that an accounting under Section 461.300 was the appropriate action, not an action for administration. Relator filed a petition for writ of mandamus requesting that Respondent be directed to open an estate for the decedent.

■■■ Mandamus is an extraordinary remedy and cannot compel a discretionary act. *State ex rel. Sanders v. Kramer*, 160 S.W.3d 822, 824 (Mo.App. W.D.2005). We issue the writ to prevent the exercise of powers exceeding judicial jurisdiction. *Id.* The writ is used both to compel a court to do what is required by law and to undo what is prohibited by law. *Id.*

Section 473.020 provides:

1. If no application for letters testamentary or of administration is filed by a person entitled to such letters pursuant to section 473.110 within twenty days after the death of a decedent, then any interested person may petition the probate division of the circuit court which would be the proper venue for the administration of the estate of such decedent for the issuance of letters testamentary or of administration. For purposes of this section, in addition to persons provided for in subdivision (15) of section 472.010, RSMo, any person who has attached a claim supported by an affidavit setting forth the basis upon which such person has a claim against

---

1.  All further statutory references are to RSMo 2000 unless otherwise indicated.

the decedent shall be an interested person.

2. The petition must be filed within one year after the date of death of the decedent and shall include the following:

(1) The decedent's name, the address of the decedent's last residence and the date of death of the decedent;

(2) If a written will of the decedent has been presented for probate, the names and addresses of the personal representatives designated in such will; and

(3) The names, addresses and relationships to the decedent of the decedent's heirs as is known to, or can be reasonably ascertained by, the petitioner.

3. Within fifteen days from the date of filing, the petition shall be set for hearing to determine who should be directed to apply for letters testamentary or of administration, and not to determine the validity of any claim. Notice of the hearing shall be served upon all interested persons in the manner and within such time as directed by the court. Upon hearing of the petition, the court shall enter such order or orders as it deems appropriate, including any of the following:

(1) An order directing the person found by the court to be entitled to the issuance of letters testamentary or of administration to apply for and qualify for such letters within such time as is allowed by the court, and in default of such timely application and qualification, upon application, the court shall issue letters of administration to some other person found suitable by the court;

(2) An order refusing letters on the estate; or

(3) An order dismissing the petition.

Here, Relator met the statutory requirements. Relator is an interested party under Section 473.020.1, and is authorized to petition for letters testamentary or of administration under the statute. Relator filed its petition on June 20, 2006, within one year of the decedent's death. The petition stated the decedent's name and that she died on June 20, 2005 while domiciled in Jefferson County. The petition alleged that the decedent had no will and listed the name and address of one heir of the decedent. The petition also contained a description of real property owned by the decedent at the time of her death, its approximate value, and that the property was subject to a beneficiary deed. Thus, Relator, an interested party, filed a petition containing all the statutorily required facts. Section 473.020 provides for the opening of an estate and the appointment of an administrator where an interested party has properly filed a petition. *State ex rel. Missouri Dept. of Social Services, Div., of Medical Services v. Roper,* 174 S.W.3d 563, 568 (Mo.App. W.D.2005). Because Relator was authorized by statute to file the petition prompting the opening of the estate and all the requisite facts were alleged in the petition, Respondent was required to open the estate. *See Id.*

Respondent contends that the opening of an estate is discretionary especially where it appears that there are no assets in the estate. However, Section 473.020 makes no provision for determining whether the estate of a decedent has property before opening an estate in probate court and appointing an administrator where an interested party as defined by Section 473.020.1 files application and satisfies the filing requirements of Section 473.020. *Roper,* 174 S.W.3d at 568. The determination of the assets is made as provided by law after the estate has been opened. *Id.* In addition, an estate can be

opened at a creditor's request even where the estate has no assets. *In re Estate of Fischer*, 901 S.W.2d 239, 240 (Mo.App. E.D.1995). Thus, under the law, Respondent was required to open the estate as requested by Relator in its petition.

Our preliminary writ of mandamus is hereby made absolute. Respondent is directed to issue letters testamentary or supervised administration for the estate of Jeanette F. Parker in accordance with the law and as requested by Relator's petition.

CLIFFORD H. AHRENS, P.J. and SHERRI B. SULLIVAN, J., concur.