In the Matter of the ESTATE OF Doris J. GIVENS, Deceased,

Carolin R. Burket, Appellant,

v.

John R. Givens, Jr., and Missouri Department of Social Services, Division of Medical Services, Respondents.

No. ED 89064.

Missouri Court of Appeals, Eastern District, Division One.

July 17, 2007.

Application for Transfer to Supreme Court Denied Aug. 29, 2007.

Application for Transfer Denied Oct. 30, 2007.

Christine F. Hart, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Kathryn P. Taylor, Thomas Gary Glick, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Carolin Burket, sister of decedent Doris Givens, and grantee of a beneficiary deed to real estate owned by decedent, appeals from an order of the probate division of the circuit court denying her motion to set aside letters of administration in decedent's estate issued to John Givens, decedent's son. Finding no error, we affirm.

Decedent was the owner of a parcel of real property ("residence") where she lived in St. Louis County, Missouri. On November 15, 2004, decedent executed a beneficiary deed ("deed") naming Carolin Burket ("sister") as the grantee. The deed was recorded on November 18, 2004. Decedent died on November 26, 2004, leaving a surviving child, John Givens ("son").

On November 25, 2005, the Missouri Department of Social Services ("Social Services") filed a petition to require administration ("administration petition") pursuant to section 473.020 RSMo 2000.[1] Social Services asserted it was a creditor of decedent, with a claim against the estate for $21,417.34 to recover Medicaid benefits paid to decedent, pursuant to section 473.398. The administration petition alleged that decedent did not appear to die testate, and that the residence, worth approximately $73,800.00, was the sole known asset of decedent's estate. Son was identified as the only known heir of decedent. Social Services asserted that to the best of its knowledge the residence was in decedent's name at the time of her death.

The probate division informed Social Services' attorneys on November 29, 2005, that the administration petition would be processed on December 21, 2005, and set for hearing on January 5, 2006. Social Services sent notice of the hearing to son on December 22, 2005. Only Social Services appeared at the January 5th hearing. The probate division ordered the issuance of letters of administration, finding that Social Services had asserted a claim against decedent, and directed that son was entitled to letters of administration upon application and filing of a $1,000.00 bond. Copies of the order were sent to Social Services and son. Son applied for letters of administration, stating that decedent had real property worth approximately $73,800.00 and no personal property. The petition listed son as the only heir, and alleged that he was unaware of any other heirs whose names or addresses were unknown to him, and requested that son be appointed as personal representative. The probate division appointed son as the personal representative of decedent's estate on March 16, 2006.

On April 12, 2006, son filed a petition in two counts to determine title to real property and to discover assets, which named sister as a defendant. Count I was styled "Undue Influence" and asserted that sister created a fraudulent deed to the residence, and that when the deed was executed,

<hr />

1. Unless noted otherwise, all further statutory citations are to RSMo 2000.

decedent was isolated from other family members by sister. Count II, styled "Forgery," contended that in the alternative, sister or someone at her behest, forged decedent's name to the deed. The petition requested that the probate division determine title to the residence and set aside "any deeds" and render judgment in favor of decedent's estate for "all losses, expenses, and damages[.]" Son also filed a petition for accounting that named sister as a defendant. Sister sold the residence on January 9, 2006, by a general warranty deed to third parties.

Sister filed motions to dismiss the petition to determine title, discover assets and for an accounting, as well as a motion to set aside the order granting letters of administration. Sister claimed that the probate division's issuance of letters of administration was fatally defective because she was an "interested party" under the statute and did not receive notice of the hearing. Sister further asserted that as the owner of the residence under the beneficiary deed, and under section 472.010(15), she was an "interested person" entitled to notice of the hearing on the administration petition. Sister also stated that she was not given any notice of the January 5, 2006, hearing or a copy of the administration petition. The probate division denied these motions in an order on September 7, 2006. Sister did not directly appeal this order.[2]

On November 6, 2006, sister filed a petition to set aside letters of administration. She contended that the probate division lacked jurisdiction to open the estate more than one year after decedent's death. The probate division denied sister's petition to

set aside in an order dated November 20, 2006. Sister now appeals this order.

Sister is appealing an interlocutory order of the probate division. In most instances interlocutory orders of a trial court are not appealable. However, section 472.160 permits an appeal from various probate division orders, including an order denying a motion to revoke letters testamentary or of administration. Sections 472.160.1(9) and 472.160(13).

Social Services contends that an appeal under section 472.160.1 is discretionary with this Court and not mandatory, quoting from *In the Estate of Standley*, 204 S.W.3d 745, 749 n. 9 (Mo.App.2006) (quoting from *In re Estate of Couch*, 920 S.W.2d 165, 168 (Mo.App.1996)) and *Id.* at 751 (concurring opinion). Social Services is incorrect in its interpretation of the language in *Standley*. It is readily apparent that *Standley* and *Couch* recognize the right either to appeal an interlocutory order of the probate division under section 472.160.1 or to wait until the decree of final distribution of the probate division. An appeal from an interlocutory order is not mandatory under section 472.160.1. *Id.* The language that Social Services quotes from the concurring opinion in *Standley*, 204 S.W.3d at 751, that "the Court has discretionary authority to stay the appeal until the decree of final distribution and to require it to be heard along with any other appeals from the final order of distribution[,]" refers to the probate division's discretionary authority under section 472.190 to stay an appeal. The probate division did not stay the appeal. Therefore, it is properly before this Court.

■ In her first point relied on, Sister argues that the probate division erred in

---

2. Sister did challenge the order on jurisdictional grounds in a petition for a writ of mandamus, or in the alternative, a writ of prohibition, which this Court denied. The

denial of a petition for a writ is not a conclusive decision of the merits of the issue presented. *Rodriguez v. Suzuki Motor Corporation*, 996 S.W.2d 47, 61 (Mo. banc 1999).

its order denying her petition to set aside letters of administration because sections 473.050 and 473.020 require that an estate be opened within one year of death, and the probate division's orders authorizing and issuing letters of administration were entered more than one year after decedent's death.

Section 473.020.1 provides that if no application for letters of administration has been filed by a person entitled to such letters within twenty days after a decedent's death, any interested person may petition the probate division of the circuit court for the issuance of letters of administration. Section 473.020.2 requires that the petition for issuance of letters of administration be filed within one year after the date of death of the decedent. Section 473.050.6, states that "Except as provided in section 537.021, RSMo, no letters of administration shall be issued unless application is made to the court for such letters within one year from the date of the death of the decedent." Sister argues that this statutory language and Missouri case law require that an estate actually be opened within a year of the death of a decedent. We disagree. The plain language of the statutes at issue requires that a petition for issuance of letters of administration be filed with the probate division within one year after the date of death of the decedent. If we were to adopt Sister's view of section 473.050, then the one year limitation for filing a petition for issuance of letters of administration in section 473.020 would be rendered meaningless. Moreover, such an interpretation would also ignore the provisions of section 473.020.3, which provide that within fifteen days from the date of filing, the petition shall be set for hearing, with notice of hearing within such time as directed by the court, and upon hearing, for the court to enter such orders as it deems appropriate. It would be impossible for an interested party filing such a petition at or near the one year deadline to have the probate division set a date for hearing to determine who should be directed to apply for letters of administration, issue notice, hold the hearing, direct the appropriate party to apply for letters of administration, and then have the probate division issue such letters, all within one year of the decedent's date of death.

This Court has recently addressed a similar situation. In *State ex rel. Missouri Department of Social Services v. Kramer,* 215 S.W.3d 739, 740 (Mo.App. 2007), a decedent died on June 20, 2005, and no estate was opened. On June 20, 2006, Social Services filed a petition for issuance of letters testamentary or of administration pursuant to section 473.020, alleging that it was a creditor of the decedent's estate as a result of aid rendered to her prior to her death. *Id.* In that case there was also real property that was subject to a beneficiary deed. *Id.* The trial court denied the petition of Social Services on or about August 22, 2006, on the basis that an accounting was the proper remedy, not an action for administration. Social Services applied for a writ of mandamus directing the trial court to open an estate for the decedent. This Court found that Social Services met the statutory requirements of section 473.020, in that it timely filed the petition for letters testamentary or for administration within one year of the decedent's date of death, and the petition contained all of the statutorily required facts. *Id.* at 741. "Section 473.020 provides for the opening of an estate and the appointment of an administrator where an interested party has properly filed a petition." *Id.* This Court held that because Social Services was authorized to file the petition prompting the opening of the decedent's estate and the petition alleged all of the required facts, and was timely

filed, the trial court was required to open the estate. *Id.*

Although this Court did not state it explicitly, it is apparent from the *Kramer* decision that even where the petition for letters of administration is filed on the last day of the one year limitations period, the probate division nevertheless was required to open an estate and issue letters testamentary or for administration more than one year after the death of a decedent, provided that the initial petition was timely and properly filed pursuant to section 473.020. This is consistent with *Lopiccolo v. Semar*, 890 S.W.2d 754, 757–58 (Mo. App.1995), a probate proceeding in which this Court held that the statute of limitations for presentment of a will for probate under section 473.050 was met when a petition for probate of will and for letters testamentary was filed within the statutory time limits, even though the probate division did not rule on the petition until after the statutory deadline had passed. This Court stated in *Lopiccolo* that the probate division's action after the statutory deadline for presentment was "not relevant" to the issue of timely presentment.

Sister relies on several cases to support her claim that an estate must be opened within one year of decedent's death in order for a creditor to file a claim against the estate. These cases are inapposite. In *Johnson v. Akers*, 9 S.W.3d 608 (Mo. banc 2000), a petition for letters of administration was not filed until nearly three years after decedent's death. *Id.* at 609. The Supreme Court affirmed the circuit court's order setting aside the letters of administration. *Id.* at 610 Sister focuses on the language in that opinion noting that the probate code "requires the opening of an estate to occur within one year of death, and the statute of limitations of the probate code applies to the appointment of a personal representative." *Id.* at 609. She

ignores the subsequent language of the Missouri Supreme Court recognizing the "general rule that the probate division shall not issue administration for the estate of an intestate unless application is made within one year of the decedent's death." *Id.* at 610. Social Services argues that this holding is consistent with both Sections 473.020 and 473.050 and with this court's decision in *Kramer*. We agree. As previously discussed, this court in *Kramer* held that the probate division was required to open an estate and issue letters testamentary or for supervised administration where the initial petition was timely and properly filed pursuant to section 473.020. *Kramer*, 215 S.W.3d at 740.

Sister also relies on *Hatfield v. McCluney*, 893 S.W.2d 822 (Mo. banc 1995). In that case, the estate was opened exactly one year after decedent's death. The creditor's claim was filed more than one year after decedent's death. The Supreme Court affirmed the probate division's dismissal of the claim because it was not timely filed within one year as required by section 473.444. The Supreme Court noted that the creditor could have applied for letters of administration as early as twenty days after the death of decedent, under Section 473.020, and therefore had a reasonable opportunity to pursue his claim. Social Services contends that *Hatfield* is inapplicable. We agree. The Missouri Department of Social Services is a taxing authority within the United States and is therefore exempt under the provisions of section 473.444.1 from the one-year period for filing claims. *In re Estate of Cahill*, 131 S.W.3d 859 (Mo.App.2004); See *In the Matter of Estate of Thomas*, 743 S.W.2d 74 (Mo. banc 1988).

The critical issue is whether a proper petition for issuance of letters testamentary or administration is filed within one year after the decedent's death, not when

the probate division acts on that petition or when the State files its claim. Social Services' petition to require administration was timely filed within one year after the death of decedent. Point denied.

■ In her second point relied on, sister contends that the probate division erred in denying her motion to set aside letters of administration because she had a beneficial interest in decedent's estate. Sister claims she therefore had a preferential right to administer the estate, which was denied by Social Services' failure to notify her of its administration petition or the hearing thereon. Sister also argues that she was denied her right to be considered by· the probate division for appointment as personal representative of decedent's estate.

Section 473.110.2(1) and (2) give priority for granting letters of administration first to the husband or wife, and then to one or more of those who are entitled to distribution of the estate. If none of the persons entitled to administer is competent and suitable, or any such person fails to apply for letters, some other person may be appointed. Section 473.110.2(3).

■ Under Missouri's laws of intestate descent, decedent's surviving child was an heir entitled to distribution of the estate and therefore had a higher priority than sister to administer the estate under Section 473.110.2(2). *See* sections 472.010(14) and 474.010(2)(a) and (b). The issue is whether sister is an "interested person" upon whom notice should have been served under section 473.020.3, which provides that notice of hearing to determine who should be directed to apply for letters of administration shall be served upon all "interested persons." "Interested persons" is defined in section 472.010(15) to mean:

Heirs, devisees, spouses, creditors or any others having a property right or claim against the estate of a decedent being administered and includes children of a protectee who may have a property right or claim against an interest in the estate of a protectee. This meaning may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved;

As this definition states, who is an "interested person" in a probate proceeding is not a fixed definition, but may vary at different stages of a case. Someone might not be an interested person at the start of a probate proceeding, but become one during its course. *See Kemp v. Balboa,* 959 S.W.2d 116, 118 (Mo.App.1997).

A determination of assets, if any, is made after an estate has been opened. *Kramer,* 215 S.W.3d at 741. Section 473.020 makes no provision for determining whether a decedent's estate has property before opening an estate in the probate division and appointing an administrator, where an interested party files application and meets the filing requirements. *State ex rel. Missouri Department of Social Services, Division of Medical Services v. Roper,* 174 S.W.3d 563, 568 (Mo.App.2005).

It is true that an estate's potential claim to funds from nonprobate transfers to satisfy creditor's claims is sufficient for the probate division to have jurisdiction over an otherwise no-asset estate. *See In re Estate of Fischer,* 901 S.W.2d 239, 240 (Mo.App.1995). But it .does not automatically require that notice of a hearing to determine the issuance of letters of administration should be sent to the beneficiary of a nonprobate transfer. The statutes do provide that the recipient of such a nonprobate transfer is potentially liable to a subsequent action by decedent's creditors

for an accounting of the value of property received to the extent necessary to pay statutory allowances and unpaid claims in the estate under Sections 461.071 and 461.300. Sister might be considered to be an interested person at some stage during the course of the probate proceedings. However, as the beneficiary of a nonprobate transfer, sister was not an "interested person" within the meaning of section 472.010(15) for purpose of notice of the petition to require administration under section 473.020.3. The probate division therefore did not err in not giving sister notice of the petition to require administration. Point denied.

In her third point relied on, sister claims that the probate division erred in denying her motion to set aside letters of administration because "that order failed to rectify the previous denial of [sister]'s due process rights under the Fourteenth Amendment of the United States Constitution and Article I, Section 10 of Missouri Constitution caused by the State's failure to notify [sister] of the State's petition to require administration and of the hearing on that petition." We held in the discussion of sister's second point relied on that sister was not an "interested person" entitled to notice. Since she was not entitled to notice as an "interested person," she has not been denied due process in not receiving notice.

Moreover, sister did not lose any property right as a result of not receiving notice of son's application for letters. Sister contends that she did lose the right to be named administrator of decedent's estate. It is correct that the right to administer an estate is a valuable right. *State ex rel. Lillard v. Tompkins*, 262 S.W.2d 316, 317 (Mo.App.1953). A person preferred by the statute may not be deprived of that right to administer without some sound or valid reason. *Id.* This is a matter for the sound discretion of the probate judge. *Id.*

Sister did not have a right to be the administrator of decedent's intestate estate. The distributees referred to in the statute regarding administration of an intestate estate are the same as referred to the statute relating to intestate succession, "and are entitled to preference in the right to administer the estate of their intestate in the same rank as they enjoy the right to inherit." *State ex rel. Dryden v. Thym*, 282 S.W.2d 178, 183–84 (Mo.App. 1955). Under sections 473.110 and 472.010, son, as the heir of decedent's intestate estate at the time of the filing of the administration petition and the hearing thereon, had the highest priority to letters of administration, above that of sister. Clearly the probate division considered son to be a competent and suitable person to administer decedent's estate, son applied for letters of administration when directed to do so by the probate division, and the court granted letters of administration to son. Further, the probate division had the opportunity on several occasions to revisit this decision, and has repeatedly denied sister's various motions to set aside its order granting letters of administration to son. Sister was not prejudiced by the lack of notice and was not denied due process. Point denied.

The order of the probate division is affirmed.[3]

MARY K. HOFF and NANNETTE A. BAKER, JJ., Concur.

---

**3.** Sister's motion for attorney's fees and costs is denied.