

# In the
# Missouri Court of Appeals
# Western District

| | |
|---|---|
| **DOUGLAS, HAUN & HEIDEMANN, P.C.,** | **WD79391** |
| Appellant, | **OPINION FILED:** |
| v. | **October 4, 2016** |
| **MISSOURI DEPARTMENT OF SOCIAL SERVICES,** | |
| Respondent. | |

**Appeal from the Circuit Court of Cole County, Missouri**
**The Honorable Robert D. Schollmeyer, Judge**

**Before Division Four:**
**Mark D. Pfeiffer, Chief Judge Presiding, James Edward Welsh, and Alok Ahuja, Judges**

Douglas, Haun & Heidemann, P.C., appeals from the judgment of the Circuit Court of

Cole County (circuit court) concluding that the Missouri Department of Social Services

(Department) did not violate the law by failing to disclose to Douglas, Haun & Heidemann all

Tax Equity and Fiscal Responsibility Act (TEFRA) liens[1] filed with any recorder of deeds in the

last five years. The circuit court found that, pursuant to section 610.021(14), RSMo Cum. Supp.

2013, the TEFRA liens in the Department's possession were records made confidential by section

---

[1] "A Tax Equity and Fiscal Responsibility Act ("TEFRA") lien is a lien placed against property of certain permanently institutionalized individuals who have received MO HealthNet benefits and who cannot be reasonably expected to be discharged and return home." *Estate of Tiefenbrunn*, 484 S.W.3d 907, 908 n.2 (Mo. App. 2016); § 208.215.13, RSMo Supp. 2014; 42 U.S.C. 1396p (2010).

208.155, RSMo 2000, and the Privacy Rule of the Health Information Portability and Accountability Act (HIPAA). The circuit court further found that the TEFRA liens in the possession of the Department were records of welfare cases and were records authorized to be closed under section 610.021(8), RSMo Cum. Supp. 2013. Douglas, Haun & Heidemann contends that the circuit court erred in granting judgment in favor of the Department because the TEFRA lien information is not confidential under section 208.155, HIPAA, or any other applicable law and that the information cannot be closed pursuant to any Sunshine Law (section 610.010, RSMo *et seq*.) exemption. We affirm the circuit court's judgment.

The evidence presented to the circuit court was based upon the parties' joint stipulation of facts, which is summarized as follows. Douglas, Haun, & Heidemann is a law firm located in Bolivar, Missouri, and the Department of Social Services is the administrative agency charged with administering the MO HealthNet (Medicaid) program. § 208.201, RSMo Cum. Supp. 2013.

On February 17, 2015, the Department received a Sunshine Law request from Douglas, Haun & Heidemann requesting "[a]ll TEFRA liens filed with any recorder of deeds in the last 5 years." On February 20, 2015, the Department responded to Douglas, Haun & Heidemann's request saying that it would take no more than five business days to review the request and provide an additional response.

On February 24, 2015, the Department sought legal advice from the Office of the Missouri Attorney General concerning Douglas, Haun & Heidemann's request. On that same day, the Department sent Douglas, Haun & Heidemann a follow-up response stating that the information requested contained confidential information and that the disclosure of that information was prohibited by federal and state law. The Department suggested that the law firm provide written authorizations from individuals so that the Department could disclose the

2

information concerning the liens. In the alternative, the Department said it would provide redacted copies of the liens for the time period requested and provided an example of a redacted lien.[2] On March 5, 2015, the Department sent Douglas, Haun & Heidemann a letter that asked for the law firm's legal basis for believing that the requested records should be provided without redaction. On March 11, 2015, the Department received a letter from Douglas, Haun & Heidemann stating that it disagreed with the Department's legal reasoning.

On March 20, 2015, Douglas, Haun & Heidemann filed its petition with the Circuit Court of Greene County seeking the circuit court's determination that the Department knowingly violated the Sunshine Law and seeking to compel the Department to disclose all TEFRA liens filed with any recorder of deeds in the last five years. Upon the Department's motion to transfer venue, the case was transferred to Cole County. On January 21, 2016, the circuit court entered its judgment in favor of the Department. The circuit court found that the TEFRA liens in the Department's possession were confidential and closed records, pursuant to sections 610.021(8) and (14), section 208.155, and HIPAA. Douglas, Haun & Heidemann appeal.

On review of this court tried case, we must affirm the circuit court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Statutory interpretation is an issue of law that we review de novo. *Spradling v. SSM Health Care St. Louis*, 313 S.W.3d 683, 686 (Mo. banc 2010).

---

[2]The example of the redacted lien blocked the individual's name, address, and the description of the property that was the subject of the TEFRA lien.

In its sole point on appeal, Douglas, Haun & Heidemann contends that the TEFRA lien information is not confidential under section 208.155, HIPAA, or any other applicable law and that the information cannot be closed pursuant to any Sunshine Law exemption. We disagree.

As part of its duties, the Department or MO HealthNet division has the obligation to enforce TEFRA liens as authorized by federal law and regulation. According to section 208.215.13(1), RSMo Supp. 2014, a TEFRA lien is for "the debt due the state for MO HealthNet benefits paid or to be paid on behalf of a participant" and the "amount of the lien shall be for the full amount due the state at the time the lien is enforced[.]"

Section 208.155 instructs that "[a]ll information concerning applicants and recipients of medical assistance shall be confidential, and *any* disclosure of such information shall be restricted to purposes directly connected with the administration of the medical assistance program."[3] This statute, therefore, prohibits the Department from disclosing *any* information concerning recipients of medical assistance except for information directly connected with the administration of the medical assistance program. Indeed, the phrase "any disclosure" as used in section 208.155 would encompass any subsequent disclosures of the information made by the Department. Moreover, information concerning TEFRA liens most certainly falls within section 208.155's declaration that information concerning recipients of medical assistance is confidential, and we find nothing in Douglas, Haun & Heidemann's request for the TEFRA liens that suggests that its request is "directly connected with the administration of the medical assistance program." In fact, Douglas, Haun & Heidemann does not even contend that its request is "directly connected with the administration of the medical assistance program."

---

[3]We added the emphasis.

4

The legislature mandated in section 610.011.1, RSMo Cum. Supp. 2013, that "[i]t is the public policy of this state that meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public unless otherwise provided by law." Further, the legislature mandated that the provisions of the Sunshine Law are to be liberally construed and that any exceptions are to be strictly construed to promote this public policy. § 610.011.1.

Section 610.021(14) of the Missouri Sunshine Law provides: "Except to the extent disclosure is otherwise required by law, a public governmental body is authorized to close meetings, records and votes, to the extent they relate to the following: . . . (14) Records which are protected from disclosure by law." As previously discussed, the TEFRA liens at issue are protected from disclosure to Douglas, Haun & Heidemann by section 208.155.

Douglas, Haun & Heidemann asserts that the documents and information it requested from the Department cannot be confidential[4] as the Department has an obligation to "file for

---

[4]Douglas, Haun & Heidemann also rely on section 208.120.2, RSMo Supp. 2014, in support of its contention that TEFRA liens are not confidential. Section 208.120.2 provides:

> The family support division shall in each county welfare office maintain monthly a report showing the name and address of all recipients certified by such county welfare office to receive public assistance benefits, together with the amount paid to each recipient during the preceding month, and each such report and information contained therein shall be open to public inspection at all times during the regular office hours of the county welfare office; provided, however, that all information regarding applicants or recipients other than names, addresses and amounts of grants shall be considered as confidential.

This provision merely obligates the family support division to disclose the names and addresses of recipients of public assistance benefits. It does not say that the family support division can identify those recipients with TEFRA liens. Indeed, section 208.120.1 says:

> For the protection of applicants and recipients, all officers and employees of the State of Missouri are prohibited, except as hereinafter provided, from disclosing any information obtained by them in the discharge of their official duties relative to the identity of applicants for or recipients of benefits or the contents of any records, files, papers, and communications, except in proceedings or investigations where the eligibility of an applicant to receive benefits, or the amount received or to be received by any recipient, is called into question, or for the purposes directly connected with the administration of public assistance. In any judicial proceedings, except such proceedings as are directly concerned with the administration of these programs, such information obtained in the discharge of official duties relative to the identity of applicants for or

5

record, with the recorder of deeds of the county in which any real property of the participant is located, a written notice of the lien." § 208.215.13(2), RSMo Supp. 2014.  Indeed, section 208.215.13(2) allows disclosure of the TEFRA liens to county recorder offices, which would be a purpose directly connected to administration of the medical assistance program and, therefore, allowed under section 208.155.  Disclosures of the TEFRA lien records by the Department to Douglas, Haun & Heidemann, however, would be prohibited by section 208.155 because the disclosures are not directly connected with the administration of the medical assistance program. Thus, although the Department must file TEFRA liens records with the recorder of deeds of the county in which any real property of the participant is situated, the Department is prohibited from disclosing the TEFRA liens to Douglas, Haun & Heidemann pursuant to section 208.155.

The circuit court, therefore, did not err when it concluded that the requested information fell within an exception to Missouri Sunshine Law (section 610.021(14)), because section 208.155 prohibited the Department from disclosing the TEFRA liens in its possession to Douglas, Haun & Heidemann.[5]  We affirm the circuit court's judgment.


/s/ *James Edward Welsh*
James Edward Welsh, Judge


All concur.

_____

recipients of benefits, and records, files, papers, communications and their contents shall be confidential and not admissible in evidence.

[5]Because we reach this conclusion, we need not address whether TEFRA liens are confidential records under HIPAA or whether the TEFRA liens are records of welfare cases of identifiable individuals that the Department are authorized to close pursuant to section 610.021(8) of the Sunshine Law.  We also need not address Douglas, Haun & Heidemann's contention that the Department should be required to pay statutory damages and attorney's fee for violations of the Sunshine Law since we found that the requested information fell within an exception to Missouri's Sunshine Law.