**Bradley BLACK, Plaintiff-Respondent,**

v.

**Russell STEVENS, Executor of the Estate of Carrie Mae Peterson, Deceased, Defendant-Appellant.**

**No. 41722.**

Missouri Court of Appeals, Eastern District, Division Three.

April 29, 1980.

G. Andy Runge, Edwards, Seigfried, Runge & Leonatti, Mexico, for defendant-appellant.

John W. Briscoe, New London, for plaintiff-respondent.

DOWD, Presiding Judge.

This appeal involves a contract for the sale of land incident to the probate of a will.

The facts as stipulated to by the parties are as follows: In July, 1978, Carrie Peterson, a resident of Audrain County, Missouri, died. Her will naming defendant, Stevens, as executor was admitted to probate in the Probate Court of Audrain County. In September, 1978, defendant petitioned the Audrain County Probate Court for an order to sell a particular piece of property owned by the testatrix at the time

of her death.[1] The property was located in Ralls County. After a hearing on the petition the probate court directed defendant to sell the property at a private sale whereupon defendant entered into a sales contract with the plaintiff, Black. The contract called for the sale of approximately 77.50 acres of land situated in Ralls County for $85,000. Several days after the contract was entered into a Mr. Levings advised the attorney for Mrs. Peterson's estate that he was willing to pay approximately $4,000 more for the same piece of property than the contract price between plaintiff and defendant. Consequently the defendant petitioned the probate court requesting guidance as to whether to accept Mr. Levings offer or to honor the contract with the plaintiff. The probate court, on November 17, 1978, disapproved the contract declaring it "void and of no effect" and ordered a public sale of the land. Plaintiff appealed to the circuit court of Audrain County seeking specific performance of the contract. The Audrain County Circuit Court, on March 2, 1979, affirmed the probate court's action disapproving the contract and remanded the cause to the probate court for further proceedings.

The plaintiff, however, filed an original action in the Ralls County Circuit Court prior to the Audrain County Circuit Court's order seeking specific enforcement of the land sales contract. That court ordered the property conveyed to Black, finding that the Audrain Probate Court's disapproval of the contract was not a final order and therefore, not res judicata in the suit to enforce the contract. That order was entered on March 28, 1979. Stevens, as executor, filed this appeal from the Ralls County Court order.

■ A proceeding in probate is one in rem. The probate court acquires jurisdiction over the res (decedent's estate) by granting letters testamentary to the executor of the estate. *Clapper v. Chandler*, 406

S.W.2d 114, 119 (Mo.App.1966). Such in rem jurisdiction, once acquired continues from the time of filing the application for letters testamentary to the decree of final distribution and discharge of the last executor, and all actions necessary for complete administration of the estate are considered one proceeding for jurisdictional purposes. § 473.013, RSMo 1969.

■ The Audrain County Probate Court obtained jurisdiction over the decedent's estate by issuing letters testamentary to the defendant. Once competent jurisdiction was obtained by the probate court it continued exclusively in that court as to all matters pertaining directly to the settlement of the estate until final distribution thereof was made. *Smith v. St. Louis Union Trust*, 340 Mo. 979, 104 S.W.2d 341, 343 (1937); *In re Jackson's Will*, 291 S.W.2d 214, 224 (Mo. App.1956). Prior to such final distribution, no other court, not even a court of concurrent jurisdiction could interfere with its actions. *Nicholls v. Lowther*, 491 S.W.2d 3, 5 (Mo.App.1973); *State ex rel. Taubman v. Davis*, 190 S.W. 964, 966 (Mo.App.1916). In making this statement we do not imply that a plaintiff could not avail himself of the remedy of appeal as provided for by § 472.-160, RSMo 1969. That section allows appeal by persons aggrieved by certain orders of the probate court including an order for the sale of real estate. § 472.160, subd. 1(6), RSMo 1969.

■ Plaintiff claims that this case comes within the exception to the stated rule which would allow the Ralls County Circuit Court to obtain jurisdiction of his case because the probate court of Audrain County lacks general equity jurisdiction, such jurisdiction being necessary to the disposition of his request for specific performance. While we agree with the exception to the rule and are cognizant of the fact that the probate court has no general equity jurisdiction these facts are not relevant to our case

---

1. The defendant was given the power to sell the land belonging to the deceased by her will. By petitioning the probate court for an order granting him authority to sell the land, the defendant chose to proceed under the powers given him as executor by statute as was his right to do. § 473.457(3), RSMo 1969. We do not express any opinion on the possible results had he chosen to act as an executor pursuant to power granted by the will.

because at the time Black sought to have the contract enforced by invoking the general equity jurisdiction of the Ralls County Circuit Court jurisdiction rested in the Probate Court of Audrain County. It was this court which had jurisdiction relative to the sale of estate property (§ 472.020), subject only to the right of appeal to the Audrain Circuit Court. § 472.160, subd. 1(6) RSMo 1969.[2]

The Probate Court of Audrain County pursuant to § 473.513(3), RSMo 1969 had the power to disapprove the sale of real estate provided the price to be obtained was not the "most advantageous" to the estate.

The probate court apparently considered the opportunity to increase the size of the estate to be just cause for vacation of its prior order of probate sale. We do not quarrel with this appraisal and find that the probate court acted within its statutory grant of authority over the estate when it declared the contract void.

The judgment is reversed.

REINHARD and CRIST, JJ., concur.

2. Appeal from an order of the probate division of the circuit court now must be to the appropriate appellate court. § 472.160 RSMo as amended effective January 2, 1979.