**Walter STEPHENS, et al., Plaintiffs–Respondents,**

v.

**The ESTATE OF Charles A. CAMPBELL, et al., Defendants–Appellants.**

No. 63253.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 16, 1993.

David L. Steelman, Stephen F. Gaunt, Steelman & Gaunt, John D. Beger, Rolla, Reed Brooks Kenagy, II, Steeleville, for defendants-appellants.

Frank K. Carlson, Carlson & Hellmann, Union, Alan Kimbrell, St. Louis, for plaintiffs-respondents.

SMITH, Judge.

This appeal is taken from a pay-in order by the Circuit Court of the City of St. Louis directed to the People's Bank of Cuba as holder of a restricted account of Jacqueline Brenton, conservator of the estate of Charles Campbell. The Estate challenges the validity of the pay-in order contending that jurisdiction properly lies with the Probate Division of the Circuit Court of Crawford Coun-

412

ty, and even if the Circuit Court of the City of St. Louis had jurisdiction the claim against the Estate was not timely filed.

The claim underlying the pay-in order was a wrongful death suit filed by Walter Stephens, Sr. and Jeanne Stephens against Charles Campbell and Burlington Northern Railroad, Inc. Settlement was made with Burlington Northern. During the pendency of that action the Probate Division of the Circuit Court of Crawford County found Charles Campbell to be disabled without exception. Jacqueline Brenton was named conservator and made the titular defendant in the Stephens' suit against Charles Campbell. At the completion of the trial the jury returned a verdict in favor of the Stephens and against Brenton. The Stephens then began execution of their judgment in the Circuit Court of the City of St. Louis leading to the pay-in order which is the subject of this appeal.

■ The Estate claims the pay-in order of the Circuit Court of the City of St. Louis is invalid because that court lacks proper jurisdiction. The plaintiffs concede that issue. Claims against the estate of a protectee are enforced in the same manner provided for the enforcement of judgments against the estates of decedents. § 475.260.3 RSMo 1986. Once competent jurisdiction is obtained by a probate court over an estate, it continues exclusively in that court as to all matters pertaining directly to the settlement of the estate until the final distribution and prior to such distribution no other court, not even a court of concurrent jurisdiction, can interfere with its actions. *Black v. Stevens,* 599 S.W.2d 54 (Mo.App.1980) [5]. A circuit court may not intrude on a probate court's jurisdiction when adequate relief is available in the probate court. *State ex rel. Standefer v. England,* 328 S.W.2d 732 (Mo.App.1959) [6]. All claims against the estate of a protectee regardless of when they arose may be filed in the probate division of the circuit court. § 475.205 RSMo 1986.

Plaintiffs may seek relief in the Probate Division of the Circuit Court of Crawford County and have failed to indicate any basis for ousting that Court of its proper jurisdiction. The Circuit Court of the City of St. Louis lacked jurisdiction to enter the pay-in order. That order is null and void and presents nothing for our review.

The pay-in order of the Circuit Court of the City of St. Louis is quashed.

GRIMM, P.J., and AHRENS, J., concur.