**Brian MEYER and Gary Meyer, Appellants,**

v.

**Betty Jean MEYER, Respondent.**

**No. ED 76855.**

Missouri Court of Appeals, Eastern District, Northern Division.

July 11, 2000.

David T. Butsch, Green, Schaaf & Jacobson, P.C., Clayton, for appellant.

Bobette Shipman, Elsberry, for respondent.

RICHARD B. TEITELMAN, Presiding Judge.

Brian Meyer and Gary Meyer appeal from the judgment entered in the Circuit Court of Lincoln County granting Respondent Betty Jean Meyer's Motion to Dismiss their Petition for Declaratory Judgment. We affirm.

*Factual and Procedural Background*

Victor F. Meyer ("Decedent") married Respondent Betty Jean Meyer ("Widow") on September 1, 1984. Decedent died testate while still married to Widow on October 25, 1998.

Brian Meyer and Gary Meyer ("Brothers") are the adult sons and only children of Decedent, but are not children of Widow.

On February 26, 1977, prior to his marriage to Widow, Decedent made a Will which left all of his estate to his then wife, Shirley J. Meyer, the natural mother of Brothers, if she should survive Decedent, and if she should predecease Decedent, then the Will provided that all of Decedent's estate was to be distributed to Brothers.

On November 23, 1982, Decedent and Shirley J. Meyer divorced. The divorce had the effect or revoking the Will's provisions in favor of Shirley J. Meyer and making Brothers sole beneficiaries under Decedent's Will.[1] Decedent did not make a new Will after marrying Widow, and his Will thus made no provision for Widow.

On November 3, 1998, after Decedent's death, Shirley J. Meyer and Brothers, together, filed a Petition for Probate of Will and for Letters Testamentary in the Probate Division of the Circuit Court of Lincoln County, seeking to have Decedent's February 26, 1977 Will admitted to probate, and further seeking to have former wife, Shirley J. Meyer, or in the alternative, Brothers, appointed personal representative of said estate. The petition recited that Decedent's heirs were Widow and Brothers and that Decedent's legatees were former wife and Brothers.

On December 7, 1998, Decedent's Will was admitted to probate and Letters Testamentary appointing Gary Meyer as personal representative were issued by the probate division. On February 19, 1999, Widow filed her Election of Surviving Spouse in Decedent's Estate, and on May 17, 1999, Widow filed her Petition on Amended Election of Surviving Spouse to Take Against Will and in the Alternative to Take Share as Omitted Spouse. By the filing of said Election and Petition in Decedent's probate estate, Widow sought a legal share of Decedent's probate estate.[2] The entire estate would otherwise go to Brothers equally.

On April 5, 1999, Brothers filed their Petition for Declaratory Judgment in the Circuit Division of the Circuit Court of Lincoln County against Widow. In this action, Brothers sought to bar Widow's statutory claims against Decedent's estate by application of Section 474.140 RSMo 1994.[3]

Brothers' petition stated, in pertinent part, as follows:

> from his spouse for one whole year next preceding his death … such spouse is forever barred from his inheritance rights, homestead allowance, exempt property or any statutory allowances from the estate of his spouse unless such spouse is voluntarily reconciled to him and resumes cohabitation with him.

---

1. See Section 474.420, RSMo 1994.

2. See Section 474.160, RSMo 1994.

3. Section 474.140 provides, in pertinent part, as follows:
 If any married person voluntarily … abandons his spouse without reasonable cause and continues to live separate and apart

8. For an extended period of time of more than eight years prior to the death of [Decedent], [Widow] and [Decedent] resided in separate households and did not otherwise live as husband and wife.

9. From the time of the marriage of [Widow] and [Decedent] on September 1, 1984 until sometime prior to 1990, [Widow] and [Decedent] resided in the same household. The marital household was located outside the town of Winfield, Missouri.

10. [Widow] did not wish to live away from the town, and at some time prior to 1990, left the marital home to reside in a home titled in her own name located in the eastern portion of the town of Winfield, Missouri, commonly known as "East Winfield." At some time in 1993, following a flood, she moved to another home located at 202 2nd Street, also located in Winfield, Missouri.

In response to said Petition, Widow timely filed her Motion to Dismiss or to Make More Definite and Certain, asserting that Brothers' petition should be dismissed on four specific grounds as follows: (1) said petition fails to state a claim upon which relief can be granted; (2) said petition is duplicative of the pre-existing estate proceeding involving the same parties and the same subject matter; (3) said petition does not lie because an adequate alternative remedy exists in the probate proceeding; and (4) the subject-matter jurisdiction for application of Section 474.140 RSMo 1994 is vested in the probate division of the circuit court. Attached to Widow's Motion as exhibits were certified copies of Certificate and Order of Probate on Decedent's Will, the Will itself, and Brothers' Petition for Probate of Will and for Letters Testamentary.

Widow's Motion to Dismiss was argued before the trial court on July 12, 1999, and taken under advisement. On August 3, 1999, the trial court sustained Widow's Motion to Dismiss and ordered Brothers' cause dismissed with prejudice. The trial court stated no grounds for its decision.

Brothers now appeal the dismissal of their cause before the circuit court, arguing that the trial court erred in sustaining Widow's motion to dismiss because (1) the allegations stated in their petition, taken as true and given their broadest possible intendment, state a justiciable controversy under the Declaratory Judgment Act, Section 527.010, RSMo 1994 *et seq* .; (2) the doctrine of abatement is inapplicable because the parties and issues in the probate action and the declaratory judgment action are different; and (3) the probate division does not have exclusive subject-matter jurisdiction over Widow's claim, as the probate court and circuit court have concurrent jurisdiction pursuant to the Declaratory Judgment Act.

### Discussion

 On review of a motion to dismiss for failure to state a cause of action this Court assumes that all the averments in the plaintiff's petition are true, and liberally grants to plaintiff all reasonable inferences therefrom. *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993). We do not weigh any facts alleged as to whether they are credible or persuasive. *Id.* When a trial court fails to specify its reason for dismissal of a petition, we presume that the trial court acted for one of the reasons set out in the motion to dismiss, and shall affirm the dismissal if any ground or point justifies the trial court's action. *Ampleman v. Scheweppe*, 972 S.W.2d 329, 332 (Mo.App. E.D.1998).

 In the case at bar, we find that the trial court was correct in granting Widow's Motion to Dismiss because the Brothers' Petition for Declaratory Judgment is barred by the doctrine of abatement.

 "Abatement, also known as the 'pending action doctrine,' holds that where a claim involves the same subject matter and parties as a previously-filed action so that the same facts and issues are presented, resolution should occur through the prior action and the second suit should be

dismissed." *Estate of Holtmeyer v. Piontek,* 913 S.W.2d 352, 357 (Mo.App. E.D. 1996), citing *State ex rel. J.E. Dunn v. Schoenlaub,* 668 S.W.2d 72, 74–75 (Mo. banc 1984). The court in which the claim is first filed acquires exclusive jurisdiction over the matter. *Bellon Wrecking & Salvage Co. v. David Orf, Inc.,* 983 S.W.2d 541, 548 (Mo.App. E.D.1998). Though abatement generally does not apply where the parties' alignment in the original suit is reversed in the subsequent action, it is appropriate if the second cause of action is essentially identical to the first action filed. *Id.*

■■ When deciding whether to grant a motion to dismiss on grounds of abatement, a trial court may look beyond the plaintiff's petition to the facts alleged in the movant's motion and supporting evidence attached thereto. *Estate of Holtmeyer v. Piontek,* 913 S.W.2d 352, 357 (Mo.App. E.D.1996). In order for the abatement doctrine to apply, the object, purpose and principles of law raised in the two actions must be the same. *Estate of Holtmeyer v. Piontek,* 913 S.W.2d at 357.

In the case at bar, Widow filed in the probate court an Election of Surviving Spouse in Decedent's Estate on February 18, 1999, and filed a Petition on Amended Election of Surviving Spouse to Take Against Will and in the Alternative to Take Share as Omitted Spouse on May 17, 1999. By filing this action, Widow asserted her statutory right to a portion of the Decedent's estate pursuant to Section 474.160.1(1) RSMo 1994. Her entitlement to a portion of the estate will thus be determined by the probate court.

Brothers subsequently filed a Petition for Declaratory Judgment in the circuit court against Widow, seeking to bar Widow's statutory claim against Decedent's estate by application of Section 474.140 RSMo.1994, arguing that she had abandoned the Decedent without good cause and had lived apart from him for more than eight years preceding his death. Pursuant to the Brothers' action, the circuit court would have determined Widow's entitlement to a portion of the estate.

Though different actions were filed by the parties, the object and purpose of the respective actions is the same: to determine Widow's right, or lack thereof, to a statutory portion of Decedent's estate. Brothers have asserted a defense to Widow's claim as a separate action, rather than opposing her claim in the probate division.

■ Brothers argue that the circuit court has jurisdiction to hear their declaratory judgment action pursuant to Section 527.040, RSMo 1994 [4] because the circuit court and the probate court both have the power to determine matters concerning rights in decedents' estates. Brothers are correct that concurrent jurisdiction exists. However, "[o]nce competent jurisdiction is obtained by a probate court over an estate, it continues exclusively in that court as to all matters pertaining directly to the settlement of the estate until the final distribution and prior to such distribution no other court, not even a court of concurrent jurisdiction, can interfere with its actions." *Stephens v. Estate of Campbell,* 865 S.W.2d 411, 412 (Mo.App. E.D.1993), citing *Black v. Stevens,* 599 S.W.2d 54 (Mo.App. 1980) [5]. "A circuit court may not intrude on a probate court's jurisdiction when adequate relief is available in the probate court." *Id.,* citing *State ex rel. Standefer*

---

**4.** Section 527.040 provides:

Any person interested as or through a personal representative, trustee, guardian or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a decedent ... may have a declaration of rights or legal relations in respect thereto:

(1) To ascertain any class of creditors, devisees, legatees, heirs, next of kin or others; or

* * *

(3) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.

*v. England,* 328 S.W.2d 732, 735 (Mo.App. 1959).

In the case at bar, adequate relief is available to Brothers in the probate court. Both are "interested persons" pursuant to Section 472.010(15), RSMo 1994,[5] and because their interest could be adversely affected by the action of the court in Widow's claim, both are necessary parties.[6] Therefore, though the Brothers argue they are not parties to Widow's claim, they are each in a position to file a motion with the probate court in response to Widow's request for an elective share of the estate.

We find that the Brothers' action in circuit court is barred by the doctrine of abatement, and that the probate court has jurisdiction over all matters relating to Decedent's estate. The judgment of the trial court granting Widow's motion to dismiss is affirmed.

LAWRENCE E. MOONEY, J., and ROBERT E. CRIST, Sr.J., concur.

---

**5.** "Interested persons" are defined therein as "heirs, devisees, spouses, creditors, or any others having a property right or claim against the estate of a decedent being administered."

**6.** Moreover, Gary Meyer, as personal representative, is an indispensable party to any proceedings involving the estate. *See Estate of Lemaster v. Hackley,* 750 S.W.2d 692, 694 (Mo.App. W.D.1988).