# Missouri Court of Appeals
## Southern District
### Division Two


|  |  |  |
|---|---|---|
| In the Estate of: | ) | |
| SHIRLEY A. TIEFENBRUNN, | ) | |
| Deceased. | ) | |
|  | ) | |
| STATE OF MISSOURI, | ) | |
| DEPARTMENT OF SOCIAL SERVICES, | ) | |
| MO HEALTHNET DIVISION, | ) | |
|  | ) | |
| Appellant, | ) | No. SD34045 |
|  | ) | Filed:  April 6, 2016 |
| vs. | ) | |
|  | ) | |
| SUSAN M. JUERGENS, | ) | |
|  | ) | |
| Respondent. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF CRAWFORD COUNTY

Honorable Scott L. Bernstein, Associate Circuit Judge

**REVERSED AND REMANDED**

This is an appeal by the State of Missouri, Department of Social Services, MO HealthNet

Division ("Division") of a judgment entered on July 23, 2015, denying the issuance of Letters of

Administration, pursuant to section 473.020,[1] to open an estate for Shirley A. Tiefenbrunn

("Tiefenbrunn").   In three points on appeal, the Division asserts the trial court erred

---

[1] All references to statutes are to RSMo 2000, unless otherwise indicated.

in: (1) denying the Division's petition to open a probate estate for Tiefenbrunn; (2) in finding that the Division had waived its claim by releasing its TEFRA lien;[2] and (3) by taxing court costs against the Division. Finding merit in the State's first point, we reverse and remand the trial court's judgment.

## Facts and Procedural History

Our review of whether a party has complied with a statute in pleading for relief is a question of law, which we review *de novo*. **Kreutz v. Curators of Univ. of Missouri**, 363 S.W.3d 61, 63 (Mo.App. W.D. 2011). For this purpose, we view as true the facts alleged in the Division's petition. *See id.* at 62.

On March 14, 2013, Tiefenbrunn executed a Beneficiary Deed to her home in Crawford County in favor of her daughter, Susan M. Juergens ("Juergens"), and her son-in-law, conveying her interest in the property upon her death. On April 15, 2013, Tiefenbrunn began receiving public assistance through the "MO HealthNet" program (formerly known as "Medicaid").

On April 25, 2014, the Division prepared a "Certificate of TEFRA Lien." The lien recited that Tiefenbrunn's participation in the MO HealthNet program rendered her indebted to the Division for the amount of medical assistance that the Division paid, or might in the future pay, on her behalf. To secure repayment of that debt, the lien provided notice of the Division's lien on the real estate described in Tiefenbrunn's Beneficiary Deed.

Tiefenbrunn died on April 28, 2014. No application for letters testamentary or administration was filed after Tiefenbrunn's death.

---

[2] A Tax Equity and Fiscal Responsibility Act ("TEFRA") lien is a lien placed against property of certain permanently institutionalized individuals who have received MO HealthNet benefits and who cannot be reasonably expected to be discharged and return home. "'Property' includes the homestead and all other personal and real property in which the participant has sole legal interest . . . ." § 208.215.13, RSMo Cum.Supp. (2010).

On May 28, 2014, the Division prepared a release of the TEFRA lien and recorded it on June 9, 2014. The lien recited that Tiefenbrunn was "no longer owner of the property." The release further expressed the Division's intent "to release the lien of said indebtedness" and to "give notice of its lien release for the full dollar value of medical assistance" on Tiefenbrunn's real estate.

On April 24, 2015, the Division filed a "Petition of Interested Party for Issuance of Letters of Administration (§ 473.020, RSMO.)" in the "Estate of Shirley A. Tiefenbrunn, Deceased." The petition set forth, in compliance with section 473.020, that Tiefenbrunn died while domiciled in, and a resident of Crawford County, Missouri; the general nature and approximate value of her estate; the address of the real estate she transferred by Beneficiary Deed; the appraised value of the real estate as being $59,000; and the names and relationships of her heirs. Attached to the petition was a "Claim Against Estate," which alleged that Tiefenbrunn's estate owed the Division a debt of $26,709.69 for the benefits paid. The Division also filed an affidavit and billing records showing the Division had paid benefits to Tiefenbrunn in the amount of $26,709.69.

On May 28, 1015, a hearing was held, and the trial court heard arguments on the State's petition. Counsel appeared for Juergens and argued that the release filed by the Division waived its claim and no estate should be opened. On July 23, 2015, "after considering the arguments of counsel, the pleadings on file, and the Memorandums of Law," the trial court entered judgment denying the relief sought by the Division and taxed costs to the State. This appeal followed. Division's first point is dispositive. As a result, we need not address Points II and III.

3

Division's first point asserts that the trial court erred in denying its petition to open an estate, pursuant to section 473.020, because the trial court had no discretion to deny the petition in that the Division qualified as an interested party and timely filed the petition alleging all the required facts.

**Analysis**

Where a person entitled to letters testamentary or administration fails to file an application with the probate division of the circuit court within twenty days of a decedent's death, section 473.020.1 authorizes an interested party to petition the court for the issuance of such letters. Within fifteen days of the filing of such petition, the petition is to be set for a hearing to determine who should be directed to apply for letters testamentary or administration, and "not to determine the validity of any claim." Section 473.020.3. Where an interested person files such a petition in compliance with section 473.020.1, within one year of decedent's death, the trial court must grant the petition and open the estate. *State ex rel. Missouri Dep't of Soc. Servs., Div. of Med. Servs. v. Kramer*, 215 S.W.3d 739, 741 (Mo.App. E.D. 2007).

Here, no person entitled to letters testamentary or administration for the Estate of Shirley Tiefenbrunn applied for them within 20 days of her death. As an interested party, the Division timely petitioned the court to issue such letters in compliance with section 473.020.1. The trial court was required to grant the petition and open an estate under section 473.020.1. Additionally, section 473.020.3 prohibits the trial court from "determin[ing] the validity of any claim" at the initial hearing. The effect of the trial court's order was to conclude the validity of the claim, which is error. The trial court's failure to comply with section 473.020 in the respects described here was prejudicial and in error.

4

We reverse and remand for further proceedings consistent with this opinion.

WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

GARY W. LYNCH, J. – CONCURS