In the ESTATE OF: Melvin HARRIS, Deceased.

No. SD 34718

Missouri Court of Appeals,
Southern District,
Division Two.

Filed: September 13, 2017

---

Attorney for Appellant—David M. Lowe of Waynesville, MO.

Attorney for Respondent Edgar—David A. Osborne of Rolla, MO.

Attorney for Respondents Boettcher, Henson, Carroll, Harris, McKnight, and Harris—Marilyn W. Duncan of Washington, MO.

Nancy Steffen Rahmeyer, P.J.

Anna Mae Edgar ("Sister") initiated this "small-estate proceeding" under section 473.097 in the Probate Division of the Circuit Court of Phelps County ("the probate division") following the death of her brother, Melvin Harris ("Decedent").[1] Thereafter, Cynthia Harris ("Appellant"), Decedent's wife, filed a verified "Motion to Convert to Full Estate and Require Supervised Administration of Decedent's Estate" ("the Motion to Convert"). The probate division entered a judgment denying the Motion to Convert, concluding it had no statutory authority to convert a small-estate proceeding into one with supervised administration. We reverse and remand.

"Our review of whether a party has complied with a statute in pleading for relief is a question of law, which we review *de novo*." *Estate of Tiefenbrunn*, 484 S.W.3d 907, 908 (Mo. App. S.D. 2016). For the purposes of this review, we view as true the facts alleged in the pleading. *Id.*

Decedent died on March 21, 2015. No application for letters testamentary or of administration was filed within twenty days following his death.

On December 23, 2015, Sister filed in the probate division an "Affidavit to Estab-

---

1. All statutory references are to RSMo 2016. All rule references are to Missouri Court Rules (2017).

lish Title of Distributees of Decedent where Total Estate is not more than $40,000.00" alleging the criteria for a small-estate proceeding under section 473.097. She also filed Decedent's will and codicil ("Decedent's Estate Documents"), which were later admitted to probate.

On February 5, 2016, Appellant filed the Motion to Convert. Among other things, it listed Decedent's name, address of last residence, and date of death; stated that Sister had possession of Decedent's Estate Documents; and listed the names, addresses, and relationships of Decedent's heirs known to Appellant, including herself (as Decedent's surviving spouse), Sister, and Decedent's children. As relief, the Motion to Convert asked the court to "open a full estate" and sought the appointment of the Phelps County Public Administrator to administer Decedent's estate. Appellant additionally filed against Decedent's estate an election of surviving spouse claim, a homestead allowance claim and an exempt property allowance ("the Contested Claims").

On August 25, 2016, the probate division held an evidentiary hearing to receive evidence concerning whether Appellant's inheritance rights were barred by section 474.140. Decedent's children and Sister (collectively "Respondents") alleged that Appellant abandoned Decedent by dwelling apart from him for a year before his death—an allegation Appellant denied. The probate division also requested briefing on the issue of whether it had the authority to convert a small-estate proceeding into one with supervised administration. In Appellant's suggestions to the probate division, she explained why her Motion to Convert ought to be treated as a section 473.020 petition to open a full probate estate.

The probate division ultimately entered a judgment denying the Motion to Convert, denying the Contested Claims and directing the clerk to process the case as a small-estate proceeding under section 473.097. It found and concluded that: (1) "[t]his case was filed pursuant to Section 473.097 RSMo. as a small estate distributing [D]ecedent's assets without letters of administration"; (2) "[a]ll motions and the application filed by [Appellant] were contested"; (3) [t]here are no procedures set forth under the statute for the adjudication of contested claims in a small[-]estate proceeding"; (4) there is "no authority in the Probate Code or anywhere else in Missouri law that allows a person to seek, or the Court to order, the conversion of a small[-]estate proceeding into an estate with supervised administration"; and (5) section 473.020 "is the exclusive remedy if an interested party desires to force full administration of a decedent's estate."

Appellant timely appeals the judgment, raising two points. Because her first point is dispositive, we do not reach the merits of her second point.

Appellant's first point claims the probate division:

erred by denying [Appellant]'s motion to open a full estate, because the [probate division] was authorized to open a full estate pursuant to Section 473.020, in that [Appellant] was an "interested person" (i.e., surviving spouse); no application for letters testamentary (or of administration) had been filed pursuant to Section 473.110 within twenty days of [D]ecedent's death; [Appellant]'s motion was written, signed, and verified; it included all the information required by Section 473.020 (i.e., decedent's name, address, date of death; name and address of personal representative designated in the will; name, address, and relationship to decedent of his heirs); it was filed within a year of [D]ecedent's death; and it qualified as a "petition" as the term is used in Section 473.020, or

---

else should have been treated as such in light of cases such as *Sprung v. Negwer Materials, Inc.*, 727 S.W.2d 883 (Mo. banc 1987), *Missouri Dept. of Soc. Serv. v. Roper*, 174 S.W.3d 563 (Mo. App. W.D. 2005), and *Moxness v. Hart*, 131 S.W.3d 441 (Mo. App. W.D. 2004). We agree that the probate division erred.

■ We begin by addressing Appellant's argument that her failure to denominate the Motion to Convert a "petition" had no effect on whether it qualified as a petition for section 473.020 purposes. Appellant is correct. "No technical forms of pleading or motions are required." Rule 55.04; *see also Sprung v. Negwer Materials, Inc.*, 727 S.W.2d 883, 889 (Mo. banc 1987) (concluding "the trial court had jurisdiction to treat defendant's Motion to Set Aside Default Judgment on equitable grounds as an independent suit in equity, provided the Motion sufficiently pleaded grounds for equitable relief"). Thus, having determined that the Motion to Convert's nomenclature was immaterial, we address whether it satisfied the requirements of section 473.020.

Section 473.020 provides:

1. If no application for letters testamentary or of administration is filed by a person entitled to such letters pursuant to section 473.110 within twenty days after the death of a decedent, then any interested person may petition the probate division of the circuit court which would be the proper venue for the administration of the estate of such decedent for the issuance of letters testamentary or of administration. For purposes of this section, in addition to persons provided for in subdivision (15) of section 472.010,[2] any person who has attached a claim supported by an affidavit setting forth the basis upon which such person has a claim against the decedent shall be an interested person.

2. The petition must be filed within one year after the date of death of the decedent and shall include the following:

(1) The decedent's name, the address of the decedent's last residence and the date of death of the decedent;

(2) If a written will of the decedent has been presented for probate, the names and addresses of the personal representatives designated in such will; and

(3) The names, addresses and relationships to the decedent of the decedent's heirs as is known to, or can be reasonably ascertained by, the petitioner.

3. Within fifteen days from the date of filing, the petition shall be set for hearing to determine who should be directed to apply for letters testamentary or of administration, and not to determine the validity of any claim. Notice of the hearing shall be served upon all interested persons in the manner and within such time as directed by the court. Upon hearing of the petition, the court shall enter such order or orders as it deems appropriate, including any of the following:

(1) An order directing the person found by the court to be entitled to the issuance of letters testamentary or of administration to apply for and qualify

---

2. Subdivision (15) of section 472.010 provides:

"Interested persons" means heirs, devisees, spouses, creditors or any others having a property right or claim against the estate of a decedent being administered and includes children of a protectee who may have a property right or claim against or an interest in the estate of a protectee. This meaning may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved.

for such letters within such time as is allowed by the court, and in default of such timely application and qualification, upon application, the court shall issue letters of administration to some other person found suitable by the court;

(2) An order refusing letters on the estate; or

(3) An order dismissing the petition.

In this case, no person entitled to letters testamentary or administration applied for them within twenty days of Decedent's death. Appellant claims to be Decedent's surviving spouse, therefore she is an interested party under section 472.010 authorized to petition for letters testamentary or of administration. She filed the Motion to Convert on February 5, 2016, within the statutory timeframe, one year after Decedent's death. The Motion to Convert listed Decedent's name, address of last residence, and date of death, as well as Appellant's and Respondents' names, addresses, and their relationships to Decedent. Appellant also submitted claims against Decedent's estate by way of the Contested Claims that were filed along with the Motion to Convert. For these reasons, the Motion to Convert conformed to the petition requirements of section 473.020.

Because the Motion to Convert satisfied these requirements, the probate division was required to open Decedent's estate and appoint an administrator as requested. As observed in *State ex rel. Missouri Dept. of Social Services, Div. of Medical Services v. Kramer*, 215 S.W.3d 739, 741 (Mo. App. E.D. 2007):

Section 473.020 provides for the opening of an estate and the appointment of an administrator *where an interested party has properly filed a petition. State ex rel. Missouri Dept. of Social Services, Div., of Medical Services v. Roper*, 174 S.W.3d 563, 568 (Mo. App. W.D. 2005).

Because Relator was authorized by statute to file the petition prompting the opening of the estate and all the requisite facts were alleged in the petition, Respondent *was required to open the estate. See Id.*

(emphasis added); *see also Tiefenbrunn*, 484 S.W.3d at 909 ("The trial court was required to grant the petition and open an estate under section 473.020.1. Additionally, section 473.020.3 prohibits the trial court from 'determin[ing] the validity of any claim' at the initial hearing.").

We disagree with Respondents' argument that section 473.020.3 compels the opposite conclusion. They suggest that Appellant failed to comply with her filing requirements because she did not set a hearing within fifteen days of filing the Motion to Convert. This argument, however, ignores the provision of section 473.020.3 providing, "[n]otice of the hearing shall be served upon all interested persons *in the manner and within such time as is directed by the court.*" (Emphasis added). Moreover, as noted above in *Kramer*, the probate division was *required* to open Decedent's estate based on Appellant's properly-filed *petition*.

The fact that Sister had already initiated a small-estate proceeding under section 473.097 does not affect our conclusion. Section 473.097 provides, in pertinent part:

1. Distributees of an estate which consists of personal property or real property or both personal and real property have a defeasible right to the personal property, and are entitled to the real property of such estate, as provided in this section, without awaiting the granting of letters testamentary or of administration, if all of the following conditions are met:

. . . .

(2)   Thirty days have elapsed since the death of the decedent and *no application for letters or for administration or for refusal of letters under section 473.090 is pending or has been granted,* or if such refusal has been granted and subsequently revoked[.]

(Emphasis added). As already noted, the probate division should have *granted* the Motion to Convert. The result is that Respondents no longer can seek relief under the provisions of section 473.097.

For the foregoing reasons, the probate division erred in denying the Motion to Convert and Contested Claims and ordering that the matter be disposed of under section 473.097. The probate division's judgment is reversed and the cause remanded for proceedings consistent with this opinion.

Jeffrey W. Bates, J.—Concurs

Daniel E. Scott, J.—Concurs