

# Missouri Court of Appeals

### Southern District

#### Division Two

| | | |
|---|---|---|
| CYNTHIA HARRIS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. SD35905 |
| | ) | |
| ANNA MAE EDGAR, et al., | ) | **Filed: July 19, 2019** |
| | ) | |
| Defendants-Respondents. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

#### Honorable John D. Beger

**AFFIRMED**

Cynthia Harris ("Appellant") filed this civil action ("the civil case") against Respondents in the Circuit Court of Phelps County ("the circuit court"). The petition alleged that Appellant's deceased husband, Melvin Harris ("Decedent"), had conveyed via a beneficiary deed two parcels of land to Respondents in fraud of Appellant's marital rights. Respondents are heirs to Decedent's estate, which is being administered ("the probate proceeding") in the Probate Division of the Circuit Court of Phelps County ("the probate division").

In three points relied on, Appellant appeals the circuit court's judgment dismissing the civil case. Because the circuit court did not err in dismissing the case without prejudice based upon the doctrine of abatement, we affirm.

1

**Background**

*The Probate Proceeding*

Decedent died on March 21, 2015.[1]  No application for letters testamentary or administration were filed within twenty days of his death, but on December 23, 2015, Anna Mae Edgar, Decedent's sister ("Sister"), filed an affidavit in the probate division that alleged the appropriate criteria for opening a small-estate proceeding under section 473.097.[2]  Sister also filed Decedent's last will and codicil.

On February 5, 2016, Appellant filed in the probate proceeding a "Motion to Convert to Full Estate and Require Supervised Administration of Decedent's Estate" ("Motion to Convert").  The Motion to Convert asked the probate division to "open a full estate" and appoint an administrator.  Appellant also filed an election of surviving spouse claim, a homestead allowance claim, and a claim for an exempt property allowance.

The probate division denied Appellant's Motion to Convert, a decision we reversed in *Estate of Harris*, 529 S.W.3d at 34.  In reversing that decision, this court remanded the case with directions that the probate division open Decedent's supervised estate and appoint an administrator.  *Id.* at 35.

On remand, the probate division entered an order:  (1) granting Appellant's Motion to Convert, which required full administration of Decedent's estate as Appellant had requested and as required by this court's mandate; and (2) naming Sister to serve as personal representative.  The order also noted that if Sister made timely application for

---

[1] Our recitation of actions taken in the probate proceeding is taken from our opinion in *Estate of Harris*, 529 S.W.3d 31 (Mo. App. S.D. 2017).  *See Underwood v. Kahala, LLC*, 554 S.W.3d 485, 496 (Mo. App. S.D. 2018) ("A court may take judicial notice of its own records in prior proceedings that are between the same parties and are concerned with the same basic facts involving the same general claims for relief[.]" (quoting *In Interest of A.C.G.*, 499 S.W.3d 340, 346 (Mo. App. W.D. 2016)).  Appellant also asked us in her brief to take judicial notice of the record on appeal in the probate proceeding.

[2] All statutory references are to RSMo 2016.  All Rule references are to Missouri Court Rules (2019).

2

letters of administration, "[a]ny such application shall be filed as a new proceeding in this [c]ourt and shall be accompanied by any applicable supporting documents and the appropriate filing fee."

Sister then timely filed her request for letters of administration in the probate division, and the proceeding was assigned case no. 17PH-PR00418. The probate division appointed Sister to serve as the personal representative of Decedent's estate and began presiding over a full administration of that estate.

*The Civil Case*

Meanwhile, on July 8, 2016, Appellant filed a petition in the circuit court titled "**PETITION TO SET ASIDE TRANSFER OF REAL PROPERTY AND DECLARATORY JUDGMENT[.]**" The petition named as Respondents most of the heirs named in the ongoing probate proceeding. The petition alleged that Decedent had conveyed two parcels of realty, worth nearly $900,000, in fraud of Appellant's marital rights. The property at issue had been transferred upon Decedent's death to Decedent's trust via a beneficiary deed, and those parcels of real property are included at this point as a part of Decedent's estate in the probate proceeding. The petition also alleged that Sister was the recipient of the fraudulent transfers and that other Respondents/heirs may also have an interest in the fraudulently-conveyed property.

On December 27, 2018, Respondents filed "**[RESPONDENT]S' MOTION TO DISMISS**" Appellant's petition in the circuit court ("Motion to Dismiss"). As their basis for dismissal, Respondents alleged that the property at issue was "part of the estate pending in the [probate division,]" and because the probate division already had "competent jurisdiction" over Decedent's estate, that jurisdiction continued exclusively

3

with the probate division until a final distribution of Decedent's estate took place. The circuit court agreed, granted the Motion to Dismiss, and entered the judgment Appellant now appeals.

As of the date of this opinion, Appellant's appeal of the probate proceeding remains pending and there has been no final settlement and distribution of Decedent's estate.[3]

**Analysis**

*Point 1*

Appellant's first point on appeal claims the trial court erred in granting the Motion to Dismiss because "Respondents['] invocation of their pending action/competent jurisdiction defense was untimely – in fact, they waived it – in that Respondents failed to raise the defense in a timely answer or motion to dismiss the amended petition (or even in a timely answer or motion to dismiss the original petition)." We disagree.

> On review of a motion to dismiss for failure to state a cause of action this Court assumes that all the averments in the plaintiff's petition are true, and liberally grants to plaintiff all reasonable inferences therefrom. *Nazeri v. Missouri Valley College,* 860 S.W.2d 303, 306 (Mo. banc 1993). We do not weigh any facts alleged as to whether they are credible or persuasive. *Id.*

*Meyer v. Meyer*, 21 S.W.3d 886, 889 (Mo. App. E.D. 2000).

Plaintiff filed her petition in the circuit court on July 18, 2016, followed by an amended petition on January 31, 2018. In December 2018, Respondents filed the Motion to Dismiss, which claimed that Decedent's property – the subject matter of Appellant's amended petition in the circuit court – had been fraudulently transferred to Decedent's

---

[3] The distribution of Decedent's estate (via the probate proceeding) is the subject of a separate appeal pending before this court in ***Cynthia C. Harris v. Anna Mae Edgar, et al.,*** case nos. SD35971 and SD35908 (consolidated for purposes of appeal).

trust, thereby making the deed invalid and the property a part of Decedent's estate currently pending in the probate proceeding.[4] Respondents asserted that, "until the final distribution of the estate has been completed, the probate [division] retains proper jurisdiction of the entire estate, including the property which is the subject matter in this case." Appellant opposed the Motion to Dismiss on several grounds, the one at issue in this point being that it was untimely filed. In granting the Motion to Dismiss, the circuit court noted as follows:

> Although [the Motion to Dismiss] may not be in technically correct form, the court determines its wording is effective to raise this court's jurisdiction and the doctrine of abatement. *In re Estate of Harris*, 529 S.W.3[]d 31, 34 ([Mo. App.] S.D. 2017).
> It is clear the court has concurrent jurisdiction over the issues in this case but that jurisdiction is subject to the Doctrine of Abatement. "Abatement holds that where a claim involves the same subject matter and parties as a previously filed action so that the [same] facts and issues are presented, resolution should occur through the prior action and the second suit should be dismissed." *Meyer v. Meyer*, 21 S.W.3d 886, 889-[]90 ([Mo. App.] E.D. 2000).

The circuit court went on to state that, "[w]hile this court has concurrent jurisdiction, 'once competent jurisdiction is obtained by a probate [division] over an estate, it continues exclusively in that [division] as to all matters pertaining directly to the settlement of the estate until final distribution and prior to such distribution no other court, not even a court of concurrent jurisdiction can interfere with its actions.' *Meyer v. Meyer*, supra at 890." The circuit court therefore granted the Motion to Dismiss "with leave [for Appellant] to pursue her claim in the probate estate."

---

[4] In her "**OBJECTIONS TO PETITION FOR APPROVAL OF STATEMENT OF ACCOUNT AND ORDER OF DISTRIBUTION, FINAL STATEMENT OF ACCOUNT AND SCHEDULE OF PROPOSED DISTRIBUTION[,]**" Appellant claimed that the property transferred to Decedent's trust via beneficiary deeds was transferred in derogation of Appellant's marital rights and, pursuant to section 474.150, the beneficiary deeds constituted a gift that, according to that statute, "may be recovered from the donee and persons taking from the decedent without adequate consideration and applied to the payment of the spouse's share, as in case of his or her election to take against the will." Section 474.150.1.

The circuit court properly treated the Motion to Dismiss as stating conditions invoking the doctrine of abatement.  *See **U.S. Bank, N.A. v. Coverdell***, 483 S.W.3d 390, 403 (Mo. App. S.D. 2015) (internal citation omitted) (construing two "dismissal motions" as motions for abatement and noting that it was not necessary for the motions to cite Rule 55.27(a)(9) in order to present the abatement issue to the court); *see also **Skaggs Chiropractic, L.L.C. v. Ford***, 564 S.W.3d 633, 640-41 (Mo. App. S.D. 2018).  More importantly, because the doctrine of abatement "operates to forestall the possibility of inconsistent judgments on the same claim[,] (internal citation omitted) [a] party has no ability to 'waive' this court's authority to address its own prudential concern about the possibility of inconsistent judgments." ***Skaggs***, 564 S.W.3d at 641 (citing ***In re KCP & L Greater Mo. Ops. Co.***, 408 S.W.3d 175, 188 n.17 (Mo. App. W.D. 2013)).  *See also **Kelly v. Kelly***, 245 S.W.3d 308, 314 (Mo. App. W.D. 2008) (suggesting that courts must address abatement issues *sua sponte*).

Point 1 is denied.

### *Point 2*

Point 2 claims the trial court erred in granting Respondent's Motion to Dismiss "because Respondents['] pending action/competent jurisdiction affirmative defense was meritless[.]"  Appellant supplies two reasons why said defense was meritless.  We reject them in turn, based upon the following principles of law.

> "Abatement, also known as the 'pending action doctrine,' holds that where a claim involves the same subject matter and parties as a previously-filed action so that the same facts and issues are presented, resolution should occur through the prior action and the second suit should be dismissed."[5] *Estate of Holtmeyer v. Piontek,* 913 S.W.2d 352, 357

---

[5] Although dismissal is what occurred here, another option is to stay the matter pending the outcome of the prior case.  ***Sherman v. Missouri Prof'ls Mut. – Physicians Prof'l Indem. Ass'n (MPM – PPIA)***, 516 S.W.3d 867, 869-70 (Mo. App. W.D. 2017).

6

(Mo.App. E.D.1996), citing *State ex rel. J.E. Dunn v. Schoenlaub,* 668 S.W.2d 72, 74–75 (Mo. banc 1984). The court in which the claim is first filed acquires exclusive jurisdiction over the matter. *Bellon Wrecking & Salvage Co. v. David Orf, Inc.,* 983 S.W.2d 541, 548 (Mo.App. E.D.1998). Though abatement generally does not apply where the parties' alignment in the original suit is reversed in the subsequent action, it is appropriate if the second cause of action is essentially identical to the first action filed. *Id.*

When deciding whether to grant a motion to dismiss on grounds of abatement, a trial court may look beyond the plaintiff's petition to the facts alleged in the movant's motion and supporting evidence attached thereto. *Estate of Holtmeyer v. Piontek,* 913 S.W.2d 352, 357 (Mo.App. E.D.1996). In order for the abatement doctrine to apply, the object, purpose and principles of law raised in the two actions must be the same. *Estate of Holtmeyer v. Piontek,* 913 S.W.2d at 357.

*Meyer*, 21 S.W.3d at 889–90.

Appellant first claims that her petition in the civil case was filed before the probate proceeding began, such that there was no other "action pending between the same parties for the same cause in this state[.]" We disagree.

Under Rule 55.27(a)(9), a proper defense to an action exists if "there is another action pending between the same parties for the same cause in this state[.]" The circuit court rightly addressed Respondents' timing argument as follows:

[Appellant], in her Motion for Summary Judgment,[6] says this action was filed before the probate case #17PH-PR00435. That is not entirely accurate. [Decedent] died March 21, 2015. [Sister] filed an Affidavit for Administration of "a small estate" on Dec. 23, 2015. [Appellant] herein filed a "Motion To Convert to Full Estate and Require Supervised Administration of Decedent's Estate."

That motion was denied by the probate [division], a decision that was reversed by the Court of Appeals on appeal of [Appellant] herein. *In re Estate of Harris*, *supra*. Upon remand, and converted to a case of supervised estate administration, the case was assigned case number 17PH-PR00418. Previously it had been #15PH-PR0435.

---

[6] Appellant had filed a Motion for Summary Judgment in the circuit court prior to Respondents' filing their Motion to Dismiss. Appellant's Motion for Summary Judgment is not at issue in this appeal.

That analysis is supported by the record. In *Harris*, our mandate directed that "[t]he probate division's judgment [(denying Appellant's Motion to Convert)] is reversed and the cause remanded for proceedings consistent with this opinion." 529 S.W.3d at 36. Upon remand, the probate division entered an order consistent with this mandate that directed Sister to file her application for letters of administration in what would then be given a new case number. When Sister did as ordered, the probate division assigned the probate proceeding case number 17PH-PR00418. Despite the new case number, the action was a continuation of the same matter involving the same parties and the same disputed issues. Thus, the probate proceeding – filed in 2015 – preceded Appellant's initiation of the civil case.

Appellant also argues that "dismissing and then refiling the present action . . . is pointless and perverse" as it will require Appellant to incur additional legal fees, delay adjudication of the merits of her cause of action, waste judicial resources, and frustrate the purposes of the abatement doctrine.

First, no refiling will be required as Appellant's claim is still pending in the probate proceeding. More importantly, the abatement doctrine "operates to forestall the possibility of inconsistent judgments on the same claim[,]" *Skaggs*, 564 S.W.3d at 641, which the trial court rightly recognized as a legitimate concern in this case.

This concern is even more pressing in that the probate division recently ruled that the real property at issue, conveyed via non-probate transfer, was not required to be listed on the inventory filed in Decedent's estate. That finding is the subject of Appellant's pending appeal in the probate proceeding. Appellant's argument does not address the

8

real danger of inconsistent judgments regarding the property at issue if the circuit court were to allow the civil case to continue.

Further, Appellant makes no argument that adequate relief is not available to her in the probate proceeding. While the probate division has issued its ruling on the issue in dispute here, that decision is currently under appeal, and no final distribution in Decedent's estate has yet occurred. The abatement doctrine makes clear that,

> "[o]nce competent jurisdiction is obtained by a probate [division] over an estate, it continues exclusively in that [division] as to all matters pertaining directly to the settlement of the estate until the final distribution and prior to such distribution no other court, not even a court of concurrent jurisdiction, can interfere with its actions." *Stephens v. Estate of Campbell,* 865 S.W.2d 411, 412 (Mo.App. E.D.1993), citing *Black v. Stevens,* 599 S.W.2d 54 (Mo.App.1980). "A circuit court may not intrude on a probate [division]'s jurisdiction when adequate relief is available in the probate [division]." *Id.,* citing *State ex rel. Standefer v. England,* 328 S.W.2d 732, 735 (Mo.App.1959).

*Meyer*, 21 S.W.3d at 890–91.

Point two is denied.

*Point 3*

Appellant's final point claims the trial court abused its discretion by dismissing the case instead of consolidating the civil case and the probate proceeding "because only consolidation would further the twin abatement goals of conserving judicial resources and avoiding inconsistent judgments[.]" Yet again, we disagree.

"The decision to consolidate cases is within the circuit court's discretion and will be affirmed unless we find the circuit court abused its discretion." ***Fields v. Millsap and Singer, P.C.***, 295 S.W.3d 567, 572 (Mo. App. W.D. 2009). The consolidation of civil actions is governed by Rule 66.01(b), which states:

9

> When civil actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the civil actions; it may order all the civil actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Rule 66.01(b.).

While it may be that the circuit court could have consolidated the two actions, its denial of Appellant's request to do so[7] was not an abuse of its discretion. For the reasons already discussed, the circuit court did not err in dismissing the civil case based upon the doctrine of abatement.

Point 3 is also denied, and the judgment is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, C.J., - CONCURS

DANIEL E. SCOTT, P.J. – CONCURS

---

[7] Appellant did not actually file a motion to consolidate the cases. She merely asserted in her Suggestions in Opposition to Respondents' Motion to Dismiss that consolidation was the proper remedy.

10