

# Missouri Court of Appeals
## Southern District
### Division Two

CYNTHIA C. HARRIS, )
)
Appellant, )
)
vs. )  Nos. SD35908 & SD35971
)
ALICE DAVIS, as Personal Representative )  FILED: November 4, 2019
  of the Estate of Melvin Harris, Deceased, )
CHASITY L. BOETTCHER, )
JANE M. McKNIGHT, )
KIMMIE L. HENSON, )
SALLY A. CARROLL, )
MELVIN L. HARRIS, and )
MARY S. KINNARD, )
)
Respondents. )

APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable Ronald D. White & Honorable Kenneth G. Clayton, Judges[1]

## AFFIRMED

Cynthia Harris appeals a probate judgment and order directing distribution of estate property over her objections.

We are to sustain the probate division's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *In re Hoffman*, 23 S.W.3d 646, 648 (Mo.App. 2000).

---

[1] Judge Clayton took over the case after Judge White retired in December 2018.

Because the procedural background is complex, we will describe relevant facts and proceedings in the context of various points raised on appeal.[2]

## Complaints about Appointment
## of Personal Representative (Points 1 & 2)

### *Background*

Melvin Harris ("Decedent") lived on the farm where he was raised and that was passed down to him from his father. His wife Cynthia ("Wife") moved out of the marital home in 2013 after Decedent was diagnosed with brain tumors. Within months, Decedent required full-time care which his daughter provided until he died in March 2015.

In December 2015, Decedent's sister Anna Mae Edgar filed a § 473.097 small-estate case and timely presented Decedent's will and codicil which later were admitted to probate.[3] In February 2016, Wife moved to "convert" that small-estate case to full administration. Wife also filed surviving-spouse claims against which Decedent's heirs asserted the defense of § 474.140 abandonment. *See* ***Estate of Heil v. Heil***, 538 S.W.3d 382, 385 (Mo.App. 2018).[4]

In August 2016, the court held an evidentiary hearing on abandonment, then concluded that it could not convert a small-estate case and denied that motion without discussing § 474.140. On appeal in ***Harris I***, we found that Wife's motion

---

[2] This is the parties' second interlocutory appeal. *See* ***Estate of Harris***, 529 S.W.3d 31 (Mo.App. 2017)(***Harris I***). Wife also appealed the judgment in a related civil suit. *See* ***Harris v. Edgar***, SD35905, slip op. (Mo.App. S.D. July 19, 2019)(***Harris II***). We recite facts and background from those opinions without further attribution.

[3] Statutory citations are RSMo as amended through 2015 unless otherwise indicated. No one sought probate letters within 20 days of Decedent's death.

[4] Wife filed a § 474.160 election to take against the will and for exempt-property and homestead allowances (§§ 474.250, 474.290), against which § 474.140 provides that any married person who

> abandons his or her spouse without reasonable cause and continues to live separate and apart from his or her spouse for one whole year next preceding his or her death … is forever barred from his or her inheritance rights, homestead allowance, exempt property or any statutory allowances from the estate of his or her spouse unless such spouse is voluntarily reconciled to him or her and resumes cohabitation with him or her.

to convert met all requirements for a timely § 473.020 petition; thus we reversed and remanded to open an estate and appoint an administrator.

On remand, the probate division ordered full administration and directed Ms. Edgar, whom Decedent's will named to serve as personal representative, to apply for letters within 30 days. Ms. Edgar did so and was appointed to administer the estate independently which she did until her June 2019 death and replacement by Alice Davis as substitute administrator.

*Point 1*

Wife complains that the probate division lacked authority[5] to appoint Ms. Edgar because her application for letters was, to quote Point 1, "more than one year after the death of [Decedent], contrary to Section 473.020, and there is no exception (equitable or otherwise) to this deadline."

We disagree. ***Harris I*** construed Wife's motion to convert as a timely § 473.020 petition and remanded for the probate division to open an estate and appoint an administrator. This compelled the probate division, by statute, to determine who should be directed to apply for letters (§ 473.020.3, with Ms. Edgar being that person per § 473.110.1) and issue appropriate orders including, *inter alia*:

> **An order directing the person found by the court to be entitled to the issuance of letters testamentary or of administration to apply for and qualify for such letters <u>within such time as is allowed by the court</u>,** and in default of such timely application and qualification, upon application, the court shall issue letters of administration to some other person found suitable by the court [.]

§ 473.020.3(1)(our emphasis). Contrary to Point 1, these actions did not have to occur within a year of Decedent's death given Wife's timely § 473.020 petition. *See* ***Estate of Givens***, 234 S.W.3d 519, 521-25 (Mo.App. 2007); § 473.050.4 (administration allowed any time after timely presentation of will); § 473.050.6 (as amended 2016)(clarifying, in that situation, that letters can applied for more than

---

[5] Point 1 and its argument actually, and incorrectly, allege a lack of *jurisdiction. See* ***State ex rel. Unnerstall v. Berkemeyer***, 298 S.W.3d 513, 517-18 (Mo. banc 2009). We have exercised our discretion to reframe the point so we can consider it.

a year after decedent's death).  To quote one respected commentator:

> It is a common practice for Missouri probate lawyers to present a will in conformity to the requirements of § 473.050 without requesting the granting of letters testamentary in situations where it does not appear that there will be a probate estate, simply to assure the honoring of the testator's intent expressed in his will in the event that probate assets are discovered in the second or subsequent years following his death.

Hanna, 4 Mo. Prac., Probate Code Manual § 473.050 (2d ed., Nov. 2018 update). Point 1 fails.

### *Point 2*

Point 2 charges that the court should have appointed, not Ms. Edgar, but the public administrator as Wife's motion allegedly sought, citing ***Harris I***'s directive that the probate division "open Decedent's estate *and appoint an administrator as requested.*"  529 S.W.3d at 35 (our emphasis).

Wife misreads ***Harris I***.  Worse, she forgets that her motion prayed the court to "enter an order directing such persons entitled to administer to apply and qualify on or before a date certain to be specified by the Court," which the court did and § 473.020.3 required.  Only "in default thereof" did Wife's motion ask that the public administrator be appointed.  Point 2 also fails.

### **Complaints about Scope of Hearing (Points 3 & 4)**

### *Background*

In September 2018, Ms. Edgar as independent personal representative filed a § 473.840.2 "final" statement of account and schedule of proposed distribution and petitioned the court for approval.[6]  Wife filed timely objections based on her surviving-spouse claims.  The court set Wife's objections for hearing on October 31.

---

[6] Wife consistently refers to these filings as a "final settlement," so we will do likewise.  The petition for approval seems superfluous because, per § 473.840.4:

- If no one objects to § 473.840.2 filings within 20 days, the personal representative "shall" distribute without court action or involvement.
- If a timely objection is filed, as Wife did here, "the court shall conduct a hearing on such objections and … thereafter determine and order proper distribution and make an order discharging the representative."  ***Id***.

4

Decedent's heirs filed an October 29 response reasserting § 474.140 as a defense to Wife's objections and adduced supporting abandonment evidence on October 31. Witnesses testified that Wife abruptly moved out of the marital home in April 2013, leaving Decedent without personal possessions except his clothes and a lawn chair. She bought a home elsewhere, never moved back with Decedent, never reconciled with him, and never provided him care.

Wife did not object to any testimony, did not cross-examine any witness, and offered no rebuttal. Having heard the evidence, the court found § 474.140 abandonment, denied Wife's surviving-spouse claims, denied her objections to Ms. Edgar's final settlement, and ordered distribution in accordance therewith.

*Points 3 & 4*

Wife argues that the § 474.140 abandonment issue was not noticed up, so the court erred (Point 3) and violated Wife's due-process right to adequate notice (Point 4) in considering that evidence. Wife's failure to object to such evidence, alone, eviscerates both points.

Wife's timely objections compelled the court to conduct a hearing thereon, then "determine and order proper distribution and make an order discharging the representative." § 473.840.4. Despite written reassertion of the heirs' § 474.140 defense (upon which the court previously had heard testimony), Wife's counsel voiced no due-process or hearing-scope objection before or during the October 31 hearing;[7] stood mute as the heirs' attorney explained her plan to call witnesses regarding Wife's abandonment; and did not cross-examine those witnesses or object to anything they said. Their testimony, summarized above, was relevant to determination of Wife's objections and the court's § 473.840.4 duty to determine and order proper distribution. We deny Points 3 and 4.

**Complaints Relating to Civil Case (Points 5 & 6)**

*Background*

In July 2016, after Wife filed her motion to convert but before it was denied,

---

[7] Wife unsuccessfully sought a continuance for reasons unrelated to Points 3 or 4, a ruling not challenged on appeal and relevant only insofar as Wife's failure to raise a due-process complaint at the first available opportunity justifies our further finding that Point 4 is unpreserved. ***Brown v. Brown-Thill***, 543 S.W.3d 620, 627 (Mo.App. 2018).

Wife sued the personal representative and heirs in circuit court ("Civil Case"), alleging that Decedent's nonprobate farm transfer was in fraud of Wife's marital rights. The defendants eventually sought and obtained dismissal of that case in favor of the concurrent probate proceedings.

Wife appealed and, in July 2019, this court affirmed in **Harris II**, citing abatement, "also known as the 'pending action doctrine,' [which] holds that where a claim involves the same subject matter and parties as a previously-filed action so that the same facts and issues are presented, resolution should occur through the prior action ....'" **Meyer v. Meyer**, 21 S.W.3d 886, 889-90 (Mo.App. 2000)(quoting **Estate of Holtmeyer v. Piontek**, 913 S.W.2d 352, 357 (Mo.App. 1996)).

*Point 5*

Point 5, raised in Wife's initial brief prior to **Harris II** and contrary to its holding, charges probate-division error in not abating proceedings in favor of the Civil Case. **Harris II** defeats this point and Wife, to her credit, does not argue otherwise. Point denied.

*Point 6*

Finally, Wife claims the probate division erred in approving final settlement filings that did not list the Civil Case or its subject real estate transferred by beneficiary deed. Without listing these, Wife argues, the estate was not in proper condition to be closed.

Yet Wife does not allege, much less show, how <u>she</u> was prejudiced thereby. Nor does she challenge the § 474.140 abandonment finding against her or the court's ruling that she had no marital rights or claims to assert. Only prejudicial error is reversible error. **Brown**, 543 S.W.3d at 632; **Estate of Pittman**, 16 S.W.3d 639, 642 (Mo.App. 2000). Point denied. Judgment affirmed.

DANIEL E. SCOTT, P.J. – OPINION AUTHOR
JEFFREY W. BATES, C.J. – CONCURS
DON E. BURRELL, J. – CONCURS

6